No. 23-3045

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

---

## PUBLIC INTEREST LEGAL FOUNDATION,

Appellee,

v.

## AL SCHMIDT, SECRETARY OF THE COMMONWEALTH
## OF PENNSYLVANIA, and JONATHAN M. MARKS, DEPUTY
## SECRETARY FOR ELECTIONS AND COMMISSIONS,

Appellants.

---

**Appeal From the October 17, 2023 Memorandum and Order of
U.S. District Court for Middle District of Pennsylvania in
No. 1:19-CV-622 Awarding Attorneys' Fees to Appellee**

---

## BRIEF OF APPELLANTS AND
## APPENDIX VOLUME I (APPX01-32)

---

Daniel T. Brier
Donna A. Walsh
Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA  18503

Attorneys for Appellants, Secretary of the
Commonwealth Al Schmidt and Deputy
Secretary for Elections and Commissions
Jonathan M. Marks

## TABLE OF CONTENTS

STATEMENT OF JURISDICTION ........................................................ 1

STATEMENT OF ISSUES PRESENTED FOR REVIEW .................................. 2

STATEMENT OF RELATED CASES AND PROCEEDINGS ........................... 4

STATEMENT OF THE CASE................................................................. 5

    I.     Relevant Facts ................................................................ 5

    II.    Procedural History ........................................................ 5

    III.   Ruling Presented for Review ........................................... 5

SUMMARY OF ARGUMENT ............................................................ 10

ARGUMENT .................................................................................. 11

    I.     The Scope and Standard of Review ................................. 11

    II.    PILF Lacks Standing To Sue Under the NVRA in Federal Court
        and as a Result the Fee Award Should Be Reversed for Lack of
        Jurisdiction ................................................................. 11

    III.   The District Court Erred in Failing To Reduce the Fee Award
        Consistent With PILF's Limited Success ......................... 13

    IV.   The Decision Below Should Be Reversed if the Department
        Prevails on the Merits Appeal ....................................... 17

CONCLUSION................................................................................ 18

# TABLE OF AUTHORITIES

## CASES

*Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006) ...................................................... 12

*Blanchard v Bergeron*, 489 U.S. 87 (1989).......................................................... 14

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001) ......................................................................................... 11

*Diamond v. Charles*, 476 U.S. 54 (1986) ...................................................... 12, 17

*Ex Parte McCardle*, 74 U.S. 506 (1869) .............................................................. 12

*Farrar v. Hobby*, 506 U.S. 103 (1992) .............................................. 13, 14, 16, 17

*FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990) ......................................... 12

*Hanrahan v. Hampton*, 446 U.S. 754 (1980) ................................................. 12, 17

*Hensley v. Eckerhart*, 461 U.S. 424 (1983).................................. 10, 13, 14, 16, 17

*Hewitt v. Helms*, 482 U.S. 755 (1987) ................................................................. 11

*Inmates of Allegheny Cnty. Jail v. Pierce*, 716 F.2d 177 (3d Cir. 1983).............. 16

*National Amusements, Inc. v. Borough of Palmyra*, 716 F.3d 57 (3d Cir. 2013).................................................................................................. 17

*Pub. Int. Legal Found. v. Boockvar,* 370 F. Supp. 3d 449 (M.D. Pa. 2019).......... 4

*Pub. Int. Legal Found. v. Boockvar,* 431 F. Supp. 3d 553 (M.D. Pa. 2019).... 7, 15

*Pub. Int. Legal Found. v. Chapman,* 595 F. Supp. 3d 296 (M.D. Pa. 2022) ...................................................................................................... 6, 8, 15

*Public Int. Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111 (3d Cir. 1997) ................................................................................. 12

*Riverside v. Rivera*, 477 U.S. 561 (1986)........................................................ 13

*Sole v. Wyner*, 551 U.S. 74 (2007) ................................................................ 17

*TransUnion, LLC v. Ramirez,* 594 U.S. 413 (2021)........................................ 12

*United States v. Battista*, 418 F.2d 572 (3d Cir. 1969)................................... 13

*Young v. Smith*, 905 F.3d 229 (3d Cir. 2018) ................................................ 11

## STATUTES

U.S. Const. Art. III, § 2.................................................................................. 1

18 U.S.C. § 2721 ...................................................................................... 7, 14

28 U.S.C. § 1291 ............................................................................................ 1

28 U.S.C. § 1331 ............................................................................................ 1

52 U.S.C. § 20510(c) ..................................................................... 1, 5, 11, 17

25 Pa. C.S.A. § 1203(a) ............................................................................... 15

Fed. R. App. P. 28(i).................................................................................. 2, 5

## STATEMENT OF JURISDICTION

This is an appeal from an award of attorneys' fees pursuant to the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20510(c).  While the statute would have provided a basis for federal jurisdiction in the district court under 28 U.S.C. § 1331, Appellee Public Interest Legal Foundation ("PILF") lacks standing to sue under the NVRA.  As a result, there is no federal jurisdiction under U.S. Const. Art. III, § 2.

Appellants Al Schmidt, Secretary of the Commonwealth of Pennsylvania, and Jonathan M. Marks, Deputy Secretary for Elections and Commissions, (referred to collectively as "Department"), filed a timely notice of appeal on November 15, 2023 from the district court's October 17, 2023 Memorandum and Order awarding attorneys' fees to PILF.

But for PILF's lack of standing, this Court would have appellate jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

I.    **Whether the Award of Fees to PILF Should Be Reversed Because PILF Lacks Standing To Sue Under the NVRA and as a Result There Is No Federal Jurisdiction?**

The issue of standing was raised in the Department's motion to dismiss PILF's Complaint, Nos. 1590/1591 Appx065, ECF 12, 14 (pp.14-16), 16 (p.15), was ruled upon in the Memorandum and Order dated December 13, 2019, Nos. 1590/1591 Appx020,[1] and is the subject of the Department's pending appeal in this Court at No. 23-1590, *see* Dep't First Step Br. at 19-25; Dep't Third Step Br. at 2-11.

II.    **Whether the Award of Fees to PILF Should Be Reversed Because the District Court Deviated From Controlling Precedent in Declining To Account for PILF's Limited Success?**

This issue was raised in the Department's opposition to PILF's motion for attorneys' fees, Appx12, ECF 129 (pp.7-10), and was ruled upon in the Memorandum and Order dated October 17, 2023, Appx16-32.

III.    **Whether the Award of Fees to PILF Should Be Reversed if the Department Prevails on its Merits Appeal?**

In the appeal at No. 23-1590, the Department is seeking reversal of, *inter alia*, the district court's merits rulings that PILF has standing and that the NVRA applies to the investigation of a software error that enabled non-citizens to inadvertently

---

[1]    References to "Appx" are to the Joint Appendix filed in this appeal. Pursuant to Fed. R. App. P. 28(i) and the November 20, 2023 Order, this appeal was consolidated with the cross-appeals at Nos. 23-1590 and 23-1591. References to the Joint Appendix in Nos. 23-1590 and 23-1591 are to "Nos. 1590/1591 Appx."

register to vote, Dep't First Step Br. at 19-43; Dep't Third Step Br. at 2-24. The issue of standing was raised in the Department's motion to dismiss PILF's Complaint, Nos. 1590/1591 Appx065, ECF 12, 14 (pp. 14-16), 16 (p.15), and ruled upon in the Memorandum and Order dated December 13, 2019, Nos. 1590/1591 Appx020. Whether the NVRA applies in these circumstances was raised in: (1) the Department's motion to dismiss PILF's Complaint, Nos. 1590/1591 Appx065, ECF 12, 14 (pp.6-11), 16 (pp.1-9), and ruled upon in the Memorandum and Order dated December 13, 2019, Nos. 1590/1591 Appx007-014; (2) the Department's motion for summary judgment, Nos. 1590/1591 Appx067-068, ECF 62, 64 (pp.11-15), 74 (pp.3-12), and ruled upon in the Memorandum and Order dated March 31, 2022, Nos. 1590/1591 Appx032-038, Nos. 1590/1591 Appx043-045; and (3) the Department's motions for clarification and reconsideration, Nos. 1590/1591 Appx069-070, ECF 88, 89 (pp.2-5), 91, 92 (pp.8-11), 122 (pp.2-7), 125 (pp.8-13), and ruled upon in the Order dated February 27, 2023, Nos. 1590/1591 Appx053-058.

**STATEMENT OF RELATED CASES AND PROCEEDINGS**

By Order dated November 20, 2023, this appeal from the October 17, 2023 award of attorneys' fees was formally consolidated with the parties' pending cross-appeals on the merits which are docketed at Nos. 23-1590 and 23-1591.

PILF brought an identical action against the Department in the Middle District at No. 18-CV-463 on February 26, 2018.  That action was dismissed on February 26, 2019 due to PILF's failure to provide pre-litigation notice required by the NVRA. *Pub. Int. Legal Found. v. Boockvar*, 370 F. Supp. 3d 449, 457-58 (M.D. Pa. 2019).

## STATEMENT OF THE CASE

### I.    Relevant Facts

Pursuant to Fed. R. App. P. 28(i) and the consolidation order dated November 20, 2023, the Department incorporates by reference Section I of the Statement of the Case in its First Step Brief in Nos. 23-1590 and 23-1591.

### II.    Procedural History

Pursuant to Fed. R. App. P. 28(i) and the consolidation order dated November 20, 2023, the Department incorporates by reference Section II of the Statement of the Case in its First Step Brief in Nos. 23-1590 and 23-1591.

### III.    Ruling Presented for Review

This appeal challenges the district court's October 17, 2023 decision to award PILF $180,200.00 in attorneys' fees and $2,612.85 in litigation-related expenses pursuant to the NVRA, which grants district courts authority to award "reasonable attorney fees, including litigation expenses, and costs" to the "prevailing party." 52 U.S.C. § 20510(c).[2]

In its motions for fees, PILF sought $194,380.00, representing a total of 485.95 hours of time by its staff attorneys, Noel H. Johnson, Esquire and Kaylan L. Phillips, Esquire, and outside counsel Linda A. Kerns, Esquire, at $400 per hour, and

---

[2]    The provision in its entirety is as follows: "In a civil action under this section, the court may allow the prevailing party (other than the United States) reasonable attorney fees, including litigation expenses, and costs." 52 U.S.C. § 20510(c).

$2,723.91 in litigation-related expenses. Appx11-12, ECF 127, 131. The Department opposed the request and argued, *inter alia*, that this case involves special circumstances which render an award of fees unjust. Appx12, ECF 129, 132. Those circumstances include the novelty of PILF's invocation of the NVRA to seek to compel disclosure of information relating to a software error that may have enabled non-citizens to inadvertently register to vote, the lack of controlling or relevant authority interpreting the statute, and the Department's good faith arguments with respect to the scope of the statutory provision at issue, which were acknowledged by the district court.[3] Appx12, ECF 129 (pp. 6-7). The district court rejected these arguments, finding that neither the Department's good faith nor the first impression statutory interpretation issues raised here were reasons to reduce or deny fees. Appx21-23.

In addition, the Department argued that any fee award should be substantially reduced due to PILF's limited success on its request for records under the NVRA. Appx12, ECF 129 (pp.7-10). PILF's NVRA claim focused primarily on driver

---

[3]    With respect to disagreements between the parties concerning the scope and reach of the NVRA disclosure provision, the district court denied PILF's request for permanent prospective injunctive relief, finding that "the Commonwealth made a good-faith, if imperfect, effort to comply with PILF's requests" and the disagreements complained of were "an unfortunate consequence of the dearth of applicable case law. . . ." *Pub. Int. Legal Found. v. Chapman*, 595 F. Supp. 3d 296, 312 (M.D. Pa. 2022) ("[T]he precise scope of NVRA's disclosure provision is largely untested in the courts of the Third Circuit.") (Nos. 1590/1591 Appx048).

license records it alleges were used in investigating potential non-citizens on the voting rolls and analysis of those records. *See, e.g.*, Appx03, ECF 1 (Compl.) ¶¶ 64-68, 71, 88, 95-97. The district court ruled that such records are protected from disclosure by the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721, and granted, in part, the Department's motion to dismiss PILF's complaint on this basis. *See Pub. Int. Legal Found. v. Boockvar*, 431 F. Supp. 3d 553, 563 (M.D. Pa. 2019) ("The glitch-related records and derivative lists created during the Commonwealth's investigation are protected by the DPPA to the extent they include personal information obtained by the DMV in connection with a motor vehicle record.") (Nos. 1590/1591 Appx017).

PILF also unsuccessfully sought to compel production of the work product of a consulting expert who was retained by the Department's outside counsel to assist in providing legal advice in anticipation of litigation arising out of the software error. The district court rejected PILF's demand to access these records—characterized as "key records" in the district court's ruling on the fee request, Appx17—and granted the Department's motion for summary judgment on this issue, finding that "the work-product doctrine shields the records produced in conjunction with the

noncitizen matching analysis from disclosure," *Pub. Int. Legal Found. v. Chapman*, 595 F. Supp. 3d 296, 308-09 (M.D. Pa. 2022) (Nos. 1590/1591 Appx042-043).[4]

PILF did not apportion its claim for attorneys' fees between its successful and unsuccessful requests for records. The district court acknowledged PILF's lack of success with respect to certain record requests, but declined to reduce the amount claimed by PILF because the litigation was long, complex and vigorously defended. The district court explained its rationale as follows:

> [T]he Commonwealth argues that we should reduce PILF's award by "75% or more" because PILF was only partially successful in this litigation. (See Doc. 129 at 9.) We agree PILF was not successful in obtaining every single document it desired. But the crux of PILF's request was to obtain documents detailing the Commonwealth's investigation and efforts to remediate noncitizen voter registration. Particularly, PILF wanted to know which registered voters the Commonwealth suspected were non-citizens. PILF obtained an order from this court compelling the Commonwealth to turn over documents substantially answering that question. Given the extensive length of this litigation, the complexity of the legal issues involved, and the vigorous defense put forward by the Commonwealth, we find PILF is entitled to the full value of the compensable hours it successfully invested toward that end.

Appx23.

---

[4]    In addition, PILF persisted in seeking records relating to referrals to law enforcement, even though the Department had no such records and advised PILF that it had no such records. *Id.* at 311 (Nos. 1590/1591 Appx046-047).

The district awarded nearly all of the fees requested by PILF—a total of $180,200.00 in attorneys' fees and $2,612.85 in expenses—with minimal deductions based on the Department's additional challenges to specific charges claimed by PILF, including time spent pursuing a "procedurally flawed" and "poorly unsupported" sanctions motion, Appx25, time spent pursuing a deposition of an expert with no connection to the case, Appx25-26, time associated with vague descriptions and tasks unrelated to the litigation, Appx26-28, and time spent attempting to mediate the dispute, Appx30-31.

The Department filed a timely notice of appeal on November 15, 2023. The matter was consolidated with the merits appeals docketed at No. 23-1590 and No. 23-1591 pursuant to the Order dated November 20, 2023.

## SUMMMARY OF ARGUMENT

As an out-of-state organization with no members and no recognized interest in Pennsylvania elections or voter records, PILF lacks standing to bring a claim under the NVRA in federal court. For this reason alone, the decision below should be reversed and the award of fees to PILF should be vacated due to lack of jurisdiction. If the Court finds in the related merits appeal that PILF lacks standing, as it should, then the award of fees in favor of PILF should likewise be vacated.

In the event this Court finds jurisdiction, the fee award should nonetheless be reversed because the district court failed to adjust the award to reflect PILF's limited success and PILF's utter lack of success on its principal claim. Controlling Supreme Court precedent directs that, where, as here, a plaintiff has achieved only partial success, the district court should "identify specific hours that should be eliminated, or . . . reduce the award to account for the limited success." *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983). The district court erred in failing to deduct from the amount claimed by PILF fees associated with its unsuccessful records requests.

Finally, the award should be reduced or adjusted consistent with the outcome of the merits appeal pending before the Court. In the event the Court agrees with the Department that the information sought by PILF is not within the scope of the NVRA, then the award of fees to PILF should be reversed for this separate and independent reason.

# **ARGUMENT**

## I.    **The Scope and Standard of Review.**

This Court exercises plenary review over whether a district court applied the correct legal standard in awarding attorneys' fees. *Young v. Smith*, 905 F.3d 229, 234 n.16 (3d Cir. 2018). The reasonableness of a fee award is reviewed for abuse of discretion. *Id.* A district court abuses its discretion when its decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or improper application of law to fact. *Id.* (citations and internal quotation marks omitted).

## II.    **PILF Lacks Standing To Sue Under the NVRA in Federal Court and as a Result the Fee Award Should Be Reversed for Lack of Jurisdiction.**

For the reasons detailed in the Department's briefs on the merits at No. 23-1591 (First Step Br. at 19-25, Third-Step Br. at 2-11), which are incorporated herein by reference, PILF suffered no injury and therefore lacks standing to bring a claim under the NVRA in federal court. The absence of federal jurisdiction requires reversal of the fee award in PILF's favor.

The NVRA authorizes an award of "reasonable attorney fees" to a "prevailing party" in a civil action under the statute. 52 U.S.C. § 20510(c). To qualify as a prevailing party, a plaintiff must obtain relief on the merits from a court. *See generally Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001) ("'prevailing party' is one who has been awarded some relief by the court . . ."); *Hewitt v. Helms*, 482 U.S. 755, 760 (1987) ("Respect

for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail.") (citation omitted); *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980) (party entitled to fees as "prevailing party" where he "has prevailed on the merits of at least some of his claims").

Jurisdiction is a fundamental prerequisite to the exercise of judicial power. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."); *Ex Parte McCardle*, 74 U.S. 506, 514 (1869) ("Without jurisdiction the court cannot proceed at all in any cause."). Lack of standing deprives a federal court of subject matter jurisdiction and the necessary authority to adjudicate a claim. *See TransUnion, LLC v. Ramirez,* 594 U.S. 413, 430 (2021). A court that lacks jurisdiction also lacks jurisdiction to award attorneys' fees. *See generally Diamond v. Charles*, 476 U.S. 54, 69-71 (1986) (party's asserted interest in fee award is insufficient to confer federal jurisdiction).

Accordingly, if the Court determines there is no jurisdiction, as the Department argues it should, the fee award in favor of PILF is void and should be vacated. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 235-36 (1990) (vacating judgment and directing lower court to dismiss parts of action due to lack of standing); *Public Int. Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 117 n.5 (3d Cir. 1997) ("Because we have failed to find standing, our

proper course of action . . . is to . . . vacate [the district court] judgment . . . ."); *United States v. Battista*, 418 F.2d 572, 573 (3d Cir. 1969) ("Our former judgment therefore was void for we were without jurisdiction . . . .").

## III.  The District Court Erred in Failing To Reduce the Fee Award Consistent With PILF's Limited Success.

PILF failed to achieve success on its principal demand for records under the NVRA—specifically, driver license records and the consulting expert's privileged analysis.  The district court erred in declining to reduce the fee award to reflect PILF's lack of success.

The Supreme Court declared that "the most critical factor" in determining the reasonableness of a fee award is "the degree of success obtained." *Hensley v. Eckerhart,* 461 U.S. 424, 436 (1983); *see also id.* at 435 ("[N]o fee may be awarded for services on the unsuccessful claim."); *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) ("[A] district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought.") (quoting *Riverside v. Rivera*, 477 U.S. 561, 585 (1986) (Powell, J., concurring in judgment)).  The Supreme Court further directed that, "where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Hensley,* 461 U.S. at 440; *see also id.* at 436-37 (district court should "identify specific hours that should be eliminated, or . . . reduce the award to account for the limited success").  The Supreme Court further directed

13

that "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435; *Farrar*, 506 U.S. at 114-15 ("Such a comparison promotes the court's 'central' responsibility to 'make the assessment of what is a reasonable fee under the circumstances of the case.") (quoting *Blanchard v Bergeron*, 489 U.S. 87, 96 (1989)). "A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley,* 461 U.S. at 440.

Here, PILF did not apportion its claimed attorney fees between its successful and unsuccessful records requests. Nor did the district court "consider the relationship between the extent of success and the amount of the fee award" as required by *Hensley*. *Id.* at 438.

The award of fees to PILF was thus a windfall. PILF was not successful in obtaining access to records from the PennDOT driver license database or the "matching analysis" which were the central focus of its Complaint. *See*, *e.g.*, Compl. (ECF 1) ¶¶ 64-68, 71, 88, 96-97. In a ruling that was not appealed by PILF, the district court rejected PILF's various challenges to application of the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721, and found that records relating to investigation of the PennDOT software error obtained from PennDOT and derivative lists created during the investigation are protected by the DPPA and not

14

subject to disclosure under the NVRA. *Pub. Int. Legal Found. v. Boockvar*, 431 F. Supp. 3d 553, 563 (M.D. Pa. 2019) (granting, in part, Department's motion to dismiss PILF's complaint based on DPPA) (Nos. 1590/1591 Appx017).

In addition, the district court rejected PILF's attempts to access the privileged analysis by a consulting expert specially retained by the Department's outside counsel in anticipation of litigation concerning the software error. The district court granted summary judgment to the Department on this issue, ruling that "the work-product doctrine shields the records produced in conjunction with the noncitizen matching analysis from disclosure." *Pub. Int. Legal Found. v. Chapman*, 595 F. Supp. 3d 296, 308-09 (M.D. Pa. 2022) (Nos. 1590/1591 Appx042-043).[5]

The district court minimized PILF's lack of success in observing that "PILF was not successful in obtaining every single document it desired." Appx23. Even so, this does not justify an award of full fees. As the Supreme Court explained in

---

[5] The Department provided to PILF during discovery copies of records received from county election officials (cancellation of voter registration is the responsibility of counties in Pennsylvania, 25 Pa. C.S. § 1203(a)) concerning registrations canceled due to non-citizenship. The district court rejected PILF's unsupported argument that the Department had additional responsive records relating to requests for cancelation of voter registrations due to non-citizenship. 595 F. Supp. 3d at 309-10. The district court found: "There is no genuine dispute of fact as to whether the SURE database was searched and the results provided to PILF—it was, and they were." *Id.* at 310. PILF was also unsuccessful in obtaining correspondence with law enforcement officials concerning suspected non-citizen registrants (as the Department told PILF, there were no such records) and PILF's request for a permanent injunction was denied. *Id.* at 311-12.

*Hensley*, "the inquiry does not end with a finding that the plaintiff obtained significant relief. A reduced fee award is appropriate if the relief, however, significant, is limited in comparison to the scope of the litigation as a whole." 461 U.S. at 440. Here, the district court plainly and palpably failed to "consider the relationship between the extent of success and the amount of the fee award" as required by *Hensley. Id.* at 438.[6] Consequently, the award of fees in favor of PILF should be reversed. *See Farrar*, 506 U.S. at 574-75 (holding that district court erred in calculating fee award "without engaging in any measured exercise of discretion" to compare relief sought and relief achieved); *Inmates of Allegheny Cnty. Jail v. Pierce*, 716 F.2d 177, 181 (3d Cir. 1983) ("[E]ven though the district court's findings 'represent a commendable effort to explain the fee award' . . . we are 'unable to affirm the decision[] below . . .because the District Court's opinion did not properly consider the relationship between the extent of success and the amount of the fee award.'") (quoting *Hensley*, 461 U.S. at 438).

---

[6]    Rather than consider "what [fee] is 'reasonable' in light of th[e] level of success," *Hensley*, 461 U.S. at 439, the district court awarded "the full value of the compensable hours" claimed by PILF due to the "extensive length of this litigation, the complexity of the legal issues involved, and the vigorous defense put forward by the Commonwealth." Appx23. The decision below thus has the impermissible effect of *rewarding* PILF for litigating claims without merit and is directly contrary to the direction in *Hensley*.

**IV.    The Decision Below Should Be Reversed if the Department Prevails on the Merits Appeal.**

As noted above, parties are considered "prevailing parties" for attorneys' fee purposes "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley*, 461 U.S. at 433 (quotation and internal punctuation omitted); *see also Farrar*, 506 U.S. at 109 ("Congress intended to permit the . . . award of counsel fees only when a party has prevailed on the merits") (quoting *Hanrahan*, 446 U.S. at 758). A plaintiff who ultimately loses on the merits is not entitled to reimbursement of fees as a prevailing party. *Sole v. Wyner*, 551 U.S. 74, 86 (2007) (party is "not a prevailing party" where "initial victory was ephemeral") (quotation and internal punctuation omitted); *Diamond*, 476 U.S. at 70 ("[W]ere the Court to resolve the case on the merits against appellees, appellees would no longer be 'prevailing parties' entitled to an award of fees . . . ."); *National Amusements, Inc. v. Borough of Palmyra*, 716 F.3d 57, 65-66 (3d Cir. 2013) (reversing award of attorneys' fees where plaintiff obtained preliminary injunction, but case was later dismissed on merits).

In the event this Court finds in the related appeal at No. 23-1590 that the NVRA does not apply to records sought by PILF concerning investigation of registrants who may potentially be non-citizens and may have been affected by the PennDOT software error, PILF will not be a "prevailing party" entitled to fees under 52 U.S.C. § 20510(c) and the fee award should therefore be reversed.

## <u>CONCLUSION</u>

For these reasons, the decision below should be reversed.

Respectfully submitted:

/s/ Donna A. Walsh
Daniel T. Brier
Donna A. Walsh

Attorneys for Appellants, Secretary of
the Commonwealth Al Schmidt and
Deputy Secretary for Elections and
Commissions Jonathan M. Marks

Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA  18503
(570) 342-6100

Date:  March 18, 2024

## CERTIFICATE OF BAR MEMBERSHIP

I certify pursuant to Local Rule 46.1 that I am a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

/s/ Donna A. Walsh

Date: March 18, 2024

## CERTIFICATE OF COMPLIANCE AND
## VIRUS SCAN CERTIFICATION

I, Donna A. Walsh, hereby certify as follows:

1.     The foregoing brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) because the brief has been prepared in proportionally spaced typeface using Microsoft Word 14 point Times New Roman font;

2.     The foregoing brief complies with the type-volume limitations of Fed. R. App. P. 28.1(e)(2)(A)(i) because it contains 3869 words, excluding those parts of the brief excluded by Fed. R. App. R. 32(f), as calculated using the word count function on Microsoft Word software;

3.     The text of the electronic and hard copies of this brief are identical; and

4.     A virus scan was run on the electronic copy of this brief using Trend Micro OfficeScan and no viruses were detected.

/s/ Donna A. Walsh
Donna A. Walsh

Date:  March 18, 2024

## CERTIFICATE OF SERVICE

I, Donna A. Walsh, hereby certify that a true and correct copy of the foregoing

Brief of Appellant and Appendix Volume III was served upon the following counsel

of record via the Court's ECF System on this 18th day of March 2024:

Noel H. Johnson, Esquire
Kaylan Phillips, Esquire
Public Interest Legal Foundation
107 S. West Street, Suite 700
Alexandria, VA  22314

Linda A. Kerns, Esquire
Law Offices of Linda A. Kerns, LLC
1420 Locust Street, Suite 200
Philadelphia, PA  19102

/s/ Donna A. Walsh
Donna A. Walsh

No. 23-3045

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

---

### THE PUBLIC INTEREST LEGAL FOUNDATION,

Appellee,

v.

### AL SCHMIDT, SECRETARY OF THE COMMONWONWEALTH OF PENNSYLVANIA, and JONATHAN M. MARKS, in his official capacity as DEPUTY SECRETARY FOR ELECTIONS AND COMMISSIONS,

Appellants.

---

Appeal From Award of Attorney's Fees in October 17, 2023
Memorandum and Order Issued by U.S. District Court
for the Middle District of Pennsylvania in No. 1:19-CV-622

---

### APPENDIX VOLUME I
### (APPX01-32)

---

Daniel T. Brier
Donna A. Walsh
Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA  18503
(570) 342-6100

Attorneys for Appellants, Secretary of the
Commonwealth Al Schmidt and Deputy
Secretary for Elections and Commissions
Jonathan M. Marks

Query    Reports    Utilities    Help    Log Out

APPEAL,CLOSED,HBG,SETOFFNS,SPADFORM,STANDARD,STAYED

# United States District Court
## Middle District of Pennsylvania (Harrisburg)
## CIVIL DOCKET FOR CASE #: 1:19-cv-00622-CCC

The Public Interest Legal Foundation v. Boockvar et al
Assigned to: Chief Judge Christopher C. Conner
Case in other court:  Third Circuit, 23-01590
                      Third Circuit, 23-01591
                      Third Circuit, 23-03045
Cause: 28:1331 Fed. Question

Date Filed: 04/10/2019
Date Terminated: 03/31/2022
Jury Demand: None
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**

**The Public Interest Legal Foundation**                 represented by  **J. Christian Adams**
                                                                          32E Washington St.
                                                                          Ste. 1675
                                                                          Indianapolis, IN 46204
                                                                          *TERMINATED: 02/18/2021*
                                                                          *LEAD ATTORNEY*
                                                                          *PRO HAC VICE*
                                                                          *ATTORNEY TO BE NOTICED*

                                                                          **Linda Ann Kerns**
                                                                          Law Offices of Linda Ann Kerns, LLC
                                                                          1420 Locust Street
                                                                          Suite 200
                                                                          Philadelphia, PA 19102
                                                                          215-731-1400
                                                                          Email: linda@lindakernslaw.com
                                                                          *LEAD ATTORNEY*
                                                                          *ATTORNEY TO BE NOTICED*

                                                                          **Noel H Johnson**
                                                                          Public Interest Legal Foundation
                                                                          32 E. Washington St.
                                                                          Ste. 1675
                                                                          Indianapolis, IN 46204
                                                                          317-203-5599
                                                                          Email: njohnson@publicinterestlegal.org
                                                                          *LEAD ATTORNEY*
                                                                          *PRO HAC VICE*
                                                                          *ATTORNEY TO BE NOTICED*

                                                                          **Kaylan Phillips**
                                                                          Public Interest Legal Foundation
                                                                          32 E. Washington Street
                                                                          Suite 1675
                                                                          Indianapolis, IN 46204

Appx01

31 7-203-5599 ex. 102
Email: kphillips@publicinterestlegal.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Kathy Boockvar**
*in her official capacity as Acting Secretary*
*of the Commonwealth of Pennsylvania*

represented by **Daniel T. Brier**
Myers Brier & Kelly, LLP
425 Spruce Street
Suite 200
Scranton, PA 18503
570-342-6100
Email: dbrier@mbklaw.com
*ATTORNEY TO BE NOTICED*

**Donna A. Walsh**
Myers Brier & Kelly, LLP
425 Spruce Street
Suite 200
Scranton, PA 18503
570-342-6100
Email: dwalsh@mbklaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jonathan M. Marks**
*in his official capacity as Deputy Secretary*
*for Elections and Commissions*

represented by **Daniel T. Brier**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Donna A. Walsh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bureau of Commissions, Elections and**
**Legislation**

represented by **Daniel T. Brier**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Donna A. Walsh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Unknown Party Type**

**PA Office Attorney General**

V.

**Amicus**

**Republican National Committee**

represented by **Harmeet Dhillon**
Dhillon Law Group, Inc.

177 Post St.
Suite #700
San Francisco, CA 94108
415-433-1700
Email: harmeet@dhillonlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/10/2019 | 1 | COMPLAINT against Kathy Boockvar, Bureau of Commissions, Elections and Legislation, Jonathan M. Marks ( Filing fee $400, Receipt Number 0314-4728268), filed by The Public Interest Legal Foundation. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit)(pjr) (Attachment 14 replaced on 4/12/2019) (pjr). (Attachment 13 replaced on 4/12/2019) (pjr). (Entered: 04/11/2019) |
| 04/10/2019 | 2 | DISCLOSURE STATEMENT PURSUANT TO FRCP 7.1 filed by The Public Interest Legal Foundation. (pjr) (Entered: 04/11/2019) |
| 04/11/2019 | 3 | Summons Issued as to All Defendants and provided TO ATTORNEY ELECTRONICALLY VIA ECF for service on Defendant(s)in the manner prescribed by Rule 4 of the Federal Rules of Civil Procedure. (NOTICE TO ATTORNEYS RECEIVING THE SUMMONS ELECTRONICALLY: You must print the summons and the attachment when you receive it in your e-mail and serve them with the complaint on all defendants in the manner prescribed by Rule 4 of the Federal Rules of Civil Procedure). (Attachments: # 1 Summons Packet) (pjr) (Entered: 04/11/2019) |
| 04/11/2019 | | SPECIAL ADMISSION FORM for J. Christian Adams and Noel Johnson can be obtained at http://www.pamd.uscourts.gov/forms/petition-admission-practice.(pjr) (Entered: 04/11/2019) |
| 04/11/2019 | 4 | ORDER - Letter to Counsel from Court Re: Case Assignment and Procedures. (See order for complete details.)Signed by Chief Judge Christopher C. Conner on 4/11/19. (ki) (Entered: 04/11/2019) |
| 04/24/2019 | 5 | PETITION FOR SPECIAL ADMISSION (PRO HAC VICE) by Noel H Johnson on behalf of The Public Interest Legal Foundation Attorney Noel Johnson is seeking special admission. Filing fee $ 50, receipt number 0314-4740370.. (Johnson, Noel) (Entered: 04/24/2019) |
| 04/24/2019 | | DOCKET ANNOTATION: Petitioner, Noel Johnson, and Associate Counsel bar status verified. (pjr) (Entered: 04/24/2019) |
| 04/25/2019 | 6 | SPECIAL ADMISSIONS FORM APPROVED as to Noel H. Johnson, Esquire.Signed by Chief Judge Christopher C. Conner on 4/25/19. (ki) (Entered: 04/25/2019) |
| 05/02/2019 | 7 | AFFIDAVIT of Service for Affidavit of Service served on Kathy Boockvar on 4-17-2019, filed by The Public Interest Legal Foundation. (Kerns, Linda) (Entered: 05/02/2019) |
| 05/02/2019 | 8 | AFFIDAVIT of Service for Affidavit of Service served on Bureau of Commissions & Elections on 4-17-2019, filed by The Public Interest Legal Foundation. (Kerns, Linda) (Entered: 05/02/2019) |
| 05/02/2019 | 9 | AFFIDAVIT of Service for Affidavit of Service served on Jonathan M. Marks on 4-17-2019, filed by The Public Interest Legal Foundation. (Kerns, Linda) (Entered: |

| | | |
|---|---|---|
| | | 05/02/2019) |
| 05/08/2019 | 10 | NOTICE of Appearance by Daniel T. Brier on behalf of All Defendants. (Brier, Daniel) (Entered: 05/08/2019) |
| 05/08/2019 | 11 | NOTICE of Appearance by Donna A. Walsh on behalf of All Defendants. (Walsh, Donna) (Entered: 05/08/2019) |
| 05/08/2019 | 12 | MOTION to Dismiss *Pursuant to Fed. R. Civ. P. 12(b)* by Kathy Boockvar, Bureau of Commissions, Elections and Legislation, Jonathan M. Marks. (Attachments: # 1 Proposed Order)(Brier, Daniel) (Entered: 05/08/2019) |
| 05/14/2019 | 13 | SUMMONS Returned Executed by The Public Interest Legal Foundation. PA Office Attorney General served on 5/3/2019, answer due 5/24/2019. (Kerns, Linda) (Entered: 05/14/2019) |
| 05/22/2019 | 14 | BRIEF IN SUPPORT re 12 MOTION to Dismiss *Pursuant to Fed. R. Civ. P. 12(b)* filed by Kathy Boockvar, Bureau of Commissions, Elections and Legislation, Jonathan M. Marks.(Walsh, Donna) (Entered: 05/22/2019) |
| 06/05/2019 | 15 | BRIEF IN OPPOSITION re 12 MOTION to Dismiss *Pursuant to Fed. R. Civ. P. 12(b)* filed by The Public Interest Legal Foundation. (Attachments: # 1 Exhibit(s) Exhibit A) (Johnson, Noel) (Entered: 06/05/2019) |
| 06/19/2019 | 16 | REPLY BRIEF re 12 MOTION to Dismiss *Pursuant to Fed. R. Civ. P. 12(b)* filed by Kathy Boockvar, Bureau of Commissions, Elections and Legislation, Jonathan M. Marks. (Attachments: # 1 Appendix Unpublished Opinions)(Walsh, Donna) (Entered: 06/19/2019) |
| 09/04/2019 | 17 | MOTION for Initial Case Management Conference by The Public Interest Legal Foundation. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Proposed Order) (Johnson, Noel) (Entered: 09/04/2019) |
| 09/17/2019 | 18 | BRIEF IN SUPPORT re 17 MOTION for Initial Case Management Conference filed by The Public Interest Legal Foundation. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B) (Johnson, Noel) (Entered: 09/17/2019) |
| 10/01/2019 | 19 | BRIEF IN OPPOSITION re 17 MOTION for Initial Case Management Conference filed by Kathy Boockvar, Bureau of Commissions, Elections and Legislation, Jonathan M. Marks. (Attachments: # 1 Exhibit(s) A - Order)(Walsh, Donna) (Entered: 10/01/2019) |
| 10/08/2019 | 20 | ORDER re: motion 17 for intial case mgmt conference, DEFERRING case management conference & issuance of case mgmt order pending disposition of defts' MTD 12 . (See order for complete details.) Signed by Chief Judge Christopher C. Conner on 10/8/19. (ki) (Entered: 10/08/2019) |
| 10/28/2019 | 21 | NOTICE by The Public Interest Legal Foundation *of Supplemental Authority* (Attachments: # 1 Exhibit(s) A - Judicial Watch v. Lamone)(Johnson, Noel) (Entered: 10/28/2019) |
| 11/27/2019 | 22 | RESPONSE by Kathy Boockvar, Bureau of Commissions, Elections and Legislation, Jonathan M. Marks *to Plaintiff's First Notice of Supplemental Authority.* (Walsh, Donna) (Entered: 11/27/2019) |
| 12/13/2019 | 23 | MEMORANDUM (Order to follow as separate docket entry) re: 12 MOTION to Dismiss *Pursuant to Fed. R. Civ. P. 12(b)* filed by Bureau of Commissions, Elections and Legislation, Jonathan M. Marks, Kathy Boockvar, (See memo for complete details.) Signed by Chief Judge Christopher C. Conner on 12/13/19. (ki) (Entered: 12/13/2019) |

| | | |
|---|---|---|
| 12/13/2019 | 24 | ORDER (Memorandum 23 filed previously as separate docket entry) GRANTING in part & DENYING in part defts' MTD 12 - GRANTED to extent PILF's request for records includes records containing protected personal info obtained by DMV in connection w/ a motor vehicle record as defined in Driver's Privacy Protection Act; motion 12 otherwise DENIED. (See order for complete details.)Signed by Chief Judge Christopher C. Conner on 12/13/19. (ki) (Entered: 12/13/2019) |
| 12/23/2019 | 25 | Unopposed MOTION for Extension of Time to File Answer re 1 Complaint,, by Kathy Boockvar, Bureau of Commissions, Elections and Legislation, Jonathan M. Marks. (Attachments: # 1 Proposed Order)(Brier, Daniel) (Entered: 12/23/2019) |
| 12/27/2019 | 26 | ORDER granting defts' motion 25 for enlargement of time to respond to complaint until 1/10/20. (See order for complete details.) Signed by Chief Judge Christopher C. Conner on 12/27/19. (ki) (Entered: 12/27/2019) |
| 01/06/2020 | 27 | MOTION for Certificate of Appealability by Kathy Boockvar, Jonathan M. Marks. (Attachments: # 1 Proposed Order)(Brier, Daniel) (Entered: 01/06/2020) |
| 01/06/2020 | 28 | BRIEF IN SUPPORT *of Defendants' Motion for Certification* re 12 MOTION to Dismiss *Pursuant to Fed. R. Civ. P. 12(b)*, 27 MOTION for Certificate of Appealability filed by Kathy Boockvar, Jonathan M. Marks. (Attachments: # 1 Appendix of Unpublished Opinions)(Brier, Daniel) (Entered: 01/06/2020) |
| 01/06/2020 | 29 | MOTION to Stay re 27 MOTION for Certificate of Appealability , 28 Brief in Support, by Kathy Boockvar, Jonathan M. Marks. (Attachments: # 1 Proposed Order)(Brier, Daniel) (Entered: 01/06/2020) |
| 01/06/2020 | 30 | BRIEF IN SUPPORT re 29 MOTION to Stay re 27 MOTION for Certificate of Appealability , 28 Brief in Support, filed by Kathy Boockvar, Jonathan M. Marks. (Attachments: # 1 Appendix of Unpublished Opinions)(Brier, Daniel) (Entered: 01/06/2020) |
| 01/10/2020 | 31 | ANSWER to 1 Complaint,, *and Affirmative Defenses* by Kathy Boockvar, Jonathan M. Marks.(Brier, Daniel) (Entered: 01/10/2020) |
| 01/14/2020 | 32 | SCHEDULING ORDER: Case Management Conference set for 2/25/2020 at 10:45 AM before Chief Judge Christopher C. Conner. SEE ORDER FOR COMPLETE DETAILS. Signed by Chief Judge Christopher C. Conner on 1/14/2020. (ktt) (Entered: 01/14/2020) |
| 01/20/2020 | 33 | BRIEF IN OPPOSITION re 27 MOTION for Certificate of Appealability filed by The Public Interest Legal Foundation. (Attachments: # 1 Unpublished Opinion(s))(Johnson, Noel) (Entered: 01/20/2020) |
| 01/20/2020 | 34 | BRIEF IN OPPOSITION re 29 MOTION to Stay re 27 MOTION for Certificate of Appealability , 28 Brief in Support, filed by The Public Interest Legal Foundation. (Attachments: # 1 Unpublished Opinion(s))(Johnson, Noel) (Entered: 01/20/2020) |
| 01/31/2020 | 35 | *Amended* ANSWER to 1 Complaint,, by Kathy Boockvar, Jonathan M. Marks.(Brier, Daniel) (Entered: 01/31/2020) |
| 02/03/2020 | 36 | REPLY BRIEF re 27 MOTION for Certificate of Appealability filed by Kathy Boockvar, Jonathan M. Marks. (Attachments: # 1 Appendix of Unpublished Opinions)(Brier, Daniel) (Entered: 02/03/2020) |
| 02/03/2020 | 37 | REPLY BRIEF re 29 MOTION to Stay re 27 MOTION for Certificate of Appealability , 28 Brief in Support, filed by Kathy Boockvar, Jonathan M. Marks. (Attachments: # 1 Appendix of Unpublished Opinions)(Brier, Daniel) (Entered: 02/03/2020) |

| 02/20/2020 | <u>38</u> | PETITION FOR SPECIAL ADMISSION (PRO HAC VICE) by Kaylan Phillips on behalf of The Public Interest Legal Foundation Attorney Kaylan Phillips is seeking special admission. Filing fee $ 50, receipt number 0314-5015759.. (Phillips, Kaylan) (Entered: 02/20/2020) |
|---|---|---|
| 02/20/2020 | <u>39</u> | CASE MANAGEMENT PLAN *(Joint)* by The Public Interest Legal Foundation. (Kerns, Linda) (Entered: 02/20/2020) |
| 02/21/2020 |  | DOCKET ANNOTATION: Petitioner, Kaylan Phillips and Associate Counsel bar status verified. (pjr) (Entered: 02/21/2020) |
| 02/21/2020 | <u>40</u> | SPECIAL ADMISSIONS FORM APPROVED as to Kaylan Phillips. Signed by Chief Judge Christopher C. Conner on 2/21/2020. (ktt) (Entered: 02/21/2020) |
| 03/06/2020 | <u>42</u> | ORDER - it is hereby ORDERED that: 1. The motion <u>27</u> to certify for interlocutory appeal is DENIED. 2. The motion <u>29</u> to stay proceedings pending resolution of the motion (Doc. 27) to certify for interlocutory appeal is DENIED as moot. Signed by Chief Judge Christopher C. Conner on 3/6/2020 (ktt) (Entered: 03/06/2020) |
| 03/11/2020 | <u>43</u> | CASE MANAGEMENT ORDER - Fact Discovery due by 7/31/2020. Final Pretrial Conference set for 1/21/2021 at 10:00 AM. Jury Trial set for 2/1/2021 at 9:30 AM in Harrisburg - Courtroom 2 before Chief Judge Christopher C. Conner. SEE ORDER FOR COMPLETE DETAILS. Signed by Chief Judge Christopher C. Conner on 3/11/2020. (ktt) (Entered: 03/11/2020) |
| 06/30/2020 | <u>44</u> | Joint MOTION for Extension of Time to Discovery and Other Pre-Trial Deadlines by Kathy Boockvar, Bureau of Commissions, Elections and Legislation, Jonathan M. Marks. (Attachments: # <u>1</u> Proposed Order)(Walsh, Donna) (Entered: 06/30/2020) |
| 06/30/2020 | <u>45</u> | AMENDED CASE MANAGEMENT - <u>44</u> Joint MOTION for Extension of Time to Discovery and Other Pre-Trial Deadlines is GRANTED. Close of Fact Discovery due by 10/7/2020. Dispositive Motions due by 1/6/2021. SEE ORDER FOR COMPLETE DETAILS. Signed by Honorable Christopher C. Conner on 6/30/2020. (ktt) (Entered: 06/30/2020) |
| 06/30/2020 | <u>46</u> | CIVIL PRACTICE ORDER - Signed by Honorable Christopher C. Conner on 6/30/2020. (ktt) (Entered: 06/30/2020) |
| 09/24/2020 | <u>47</u> | Joint MOTION for Extension of Time to Complete Discovery *and Other Pre-Trial Deadlines* by Kathy Boockvar, Jonathan M. Marks. (Attachments: # <u>1</u> Proposed Order) (Walsh, Donna) (Entered: 09/24/2020) |
| 09/24/2020 | <u>48</u> | SECOND AMENDED CASE MANAGEMENT ORDER - <u>47</u> Joint MOTION for Extension of Time to Complete Discovery *and Other Pre-Trial Deadlines* filed by Jonathan M. Marks, Kathy Boockvar is GRANTED. Fact Discovery due by 12/2/2020. Dispositive Motions due by 3/3/2021. SEE ORDER FOR COMPLETE DETAILS. Signed by Honorable Christopher C. Conner on 9/24/2020. (ktt) (Entered: 09/24/2020) |
| 11/25/2020 | <u>49</u> | MOTION for Extension of Time to Discovery and other Pre-Trial Deadlines by Kathy Boockvar, Jonathan M. Marks. (Attachments: # <u>1</u> Proposed Order)(Walsh, Donna) (Entered: 11/25/2020) |
| 11/27/2020 | <u>50</u> | BRIEF IN OPPOSITION re <u>49</u> MOTION for Extension of Time to Discovery and other Pre-Trial Deadlines filed by The Public Interest Legal Foundation.(Johnson, Noel) (Entered: 11/27/2020) |
| 11/30/2020 | <u>51</u> | BRIEF IN SUPPORT re <u>49</u> MOTION for Extension of Time to Discovery and other Pre-Trial Deadlines filed by Kathy Boockvar, Jonathan M. Marks. (Attachments: # <u>1</u> |

| | | Appendix Unpublished Opinions)(Walsh, Donna) (Entered: 11/30/2020) |
|---|---|---|
| 12/01/2020 | 52 | THIRD AMENDED CASE MANAGEMENT ORDER: 49 MOTION for Extension of Time to Discovery and other Pre-Trial Deadlines filed by Jonathan M. Marks, Kathy Boockvar is GRANTED. Fact Discovery due by 1/18/2021. Dispositive Motions due by 4/19/2021. SEE ORDER FOR COMPLETE DETAILS Signed by Honorable Christopher C. Conner on 12/1/2020. (mw) (Entered: 12/01/2020) |
| 01/14/2021 | 53 | Unopposed MOTION for Extension of Time to Complete Discovery by Kathy Boockvar, Jonathan M. Marks. (Attachments: # 1 Proposed Order)(Walsh, Donna) (Entered: 01/14/2021) |
| 01/15/2021 | 54 | ORDER - IT IS HEREBY ORDERED THAT the Motion (Doc 53 ) is GRANTED. The fact discovery deadline is hereby extended to February 17, 2021. All other deadlines set forth in the court's order (Doc. 52) of December 1, 2020, shall remain in full force and effect. Signed by Honorable Christopher C. Conner on 1/15/2021 (mw) (Entered: 01/15/2021) |
| 02/10/2021 | 55 | PETITION FOR SPECIAL ADMISSION (PRO HAC VICE) by Linda Ann Kerns on behalf of The Public Interest Legal Foundation Attorney J. Christian Adams is seeking special admission. Filing fee $ 50, receipt number APAMDC-5466939.. (Kerns, Linda) (Entered: 02/10/2021) |
| 02/10/2021 | | DOCKET ANNOTATION: Petitioner, J. Christian Adams, and Associate Counsel bar status verified. (pjr) (Entered: 02/10/2021) |
| 02/10/2021 | 56 | SPECIAL ADMISSIONS FORM APPROVED as to J. Christian Adams. Signed by Honorable Christopher C. Conner on 2/10/2021. (mw) (Entered: 02/10/2021) |
| 02/17/2021 | 58 | First MOTION to Withdraw as Attorney *J. Christian Adams* by The Public Interest Legal Foundation. (Attachments: # 1 Proposed Order)(Kerns, Linda) (Entered: 02/17/2021) |
| 02/18/2021 | 59 | ORDER granting 58 Motion to Withdraw as Attorney. Attorney J. Christian Adams terminated. Signed by Honorable Christopher C. Conner on 2/18/2021 (mw) (Entered: 02/18/2021) |
| 04/15/2021 | 60 | First MOTION for Extension of Time to to file Dispositive Motions*jointly by plaintiff and defendants* by The Public Interest Legal Foundation. (Attachments: # 1 Proposed Order) (Kerns, Linda) (Entered: 04/15/2021) |
| 04/16/2021 | 61 | ORDER granting 60 Motion to Extend Time. Dispositive motions and briefs shall be enlarged by14 days to May 3, 2021. Signed by Honorable Christopher C. Conner on 4/16/2021 (mw) (Entered: 04/16/2021) |
| 05/03/2021 | 62 | MOTION for Summary Judgment by Kathy Boockvar, Jonathan M. Marks. (Attachments: # 1 Proposed Order)(Walsh, Donna) (Entered: 05/03/2021) |
| 05/03/2021 | 63 | STATEMENT OF FACTS re 62 MOTION for Summary Judgment filed by Kathy Boockvar, Jonathan M. Marks.(Walsh, Donna) (Entered: 05/03/2021) |
| 05/03/2021 | 64 | BRIEF IN SUPPORT re 62 MOTION for Summary Judgment filed by Kathy Boockvar, Jonathan M. Marks. (Attachments: # 1 Exhibit(s) A - Marks Declaration, # 2 Exhibit(s) B - Adams Transcript, # 3 Exhibit(s) C - Torres Affidavit, # 4 Exhibit(s) D - Summary Chart, # 5 Appendix Unpublished Opinions)(Walsh, Donna) (Entered: 05/03/2021) |
| 05/03/2021 | 65 | MOTION for Summary Judgment by The Public Interest Legal Foundation. (Attachments: # 1 Proposed Order)(Phillips, Kaylan) (Entered: 05/03/2021) |
| 05/03/2021 | 66 | STATEMENT OF FACTS re 65 MOTION for Summary Judgment filed by The Public Interest Legal Foundation. (Attachments: # 1 Exhibit(s) A - Marks Transcript, # 2 |

| | | |
|---|---|---|
| | | Exhibit(s) B - Marks Testimony, # 3 Exhibit(s) C - Torres Testimony, # 4 Exhibit(s) D - Analysis Summary, # 5 Exhibit(s) E - Presentation, # 6 Exhibit(s) F - Responses to Requests for Admission, # 7 Exhibit(s) G - Summary, # 8 Exhibit(s) H - Reports Menu, # 9 Exhibit(s) I - Email, # 10 Exhibit(s) J - Initial Analysis Query, # 11 Exhibit(s) K - Affirm or Deny Letter)(Phillips, Kaylan) (Entered: 05/03/2021) |
| 05/03/2021 | 67 | BRIEF IN SUPPORT re 65 MOTION for Summary Judgment filed by The Public Interest Legal Foundation. (Attachments: # 1 Affidavit of Logan Churchwell)(Phillips, Kaylan) (Entered: 05/03/2021) |
| 05/17/2021 | 68 | Joint MOTION for Extension of Time to File *Opposition Briefs and L.R. 56.1 responsive statements in opposition to the pending motions for summary judgment* by Kathy Boockvar, Jonathan M. Marks. (Attachments: # 1 Proposed Order)(Walsh, Donna) (Entered: 05/17/2021) |
| 05/18/2021 | 69 | VERBAL ORDER It is ORDERED that the joint motion 68 for enlargement of briefing deadlines is GRANTED and the deadline for all parties to file briefs in opposition to the pending motions for summary judgment and responsive statements required by Local Rule 56.1 is extended by 21 days to June 14, 2021. Signed by Honorable Christopher C. Conner on 5/18/2021. **(Text-only entry; no PDF document will issue. This text-only entry constitutes the order of the court or notice on the matter.)** (mw) (Entered: 05/18/2021) |
| 06/14/2021 | 70 | ANSWER TO STATEMENT OF FACTS re 63 Statement of Facts filed by The Public Interest Legal Foundation. (Attachments: # 1 Exhibit(s) A - Email from J. Marks dated Dec. 8, 2017, # 2 Exhibit(s) B - Email from J. Marks dated Feb. 27, 2018, # 3 Exhibit(s) C - Email from SURE dated Dec. 15, 2017, # 4 Exhibit(s) D - Emails dated Jan. 13, 2021, # 5 Exhibit(s) E - Letter to Noel Johnson dated Feb. 11, 2021, # 6 Exhibit(s) F - Summary and Timeline, # 7 Exhibit(s) G - Responses to First Request for Production of Documents, # 8 Exhibit(s) H - Letter to Noel Johnson dated Feb. 3, 2021)(Phillips, Kaylan) (Entered: 06/14/2021) |
| 06/14/2021 | 71 | BRIEF IN OPPOSITION re 62 MOTION for Summary Judgment filed by The Public Interest Legal Foundation.(Phillips, Kaylan) (Entered: 06/14/2021) |
| 06/14/2021 | 72 | RESPONSE by Kathy Boockvar, Jonathan M. Marks to 66 Statement of Facts,, . (Walsh, Donna) (Entered: 06/14/2021) |
| 06/14/2021 | 73 | BRIEF IN OPPOSITION re 65 MOTION for Summary Judgment filed by Kathy Boockvar, Jonathan M. Marks. (Attachments: # 1 Appendix Unpublished Opinions) (Walsh, Donna) (Entered: 06/14/2021) |
| 06/28/2021 | 74 | REPLY BRIEF re 62 MOTION for Summary Judgment filed by Kathy Boockvar, Jonathan M. Marks. (Attachments: # 1 Exhibit(s) A, # 2 Unpublished Opinion(s))(Walsh, Donna) (Entered: 06/28/2021) |
| 06/28/2021 | 75 | REPLY BRIEF re 65 MOTION for Summary Judgment filed by The Public Interest Legal Foundation.(Johnson, Noel) (Entered: 06/28/2021) |
| 09/21/2021 | 76 | PETITION FOR SPECIAL ADMISSION (PRO HAC VICE) by Harmeet Dhillon on behalf of Republican National Committee Attorney Harmeet K. Dhillon is seeking special admission. Filing fee $ 50, receipt number APAMDC-5702295.. (Dhillon, Harmeet) (Entered: 09/21/2021) |
| 09/21/2021 | 77 | SPECIAL ADMISSIONS FORM APPROVED as to Harmeet K. Dhillon. Signed by Honorable Christopher C. Conner on 9/21/2021. (mw) (Entered: 09/21/2021) |
| 09/22/2021 | 78 | MOTION for Leave to File *Amicus Brief in Support of Plaintiff's Motion to Dismiss* by Republican National Committee. (Attachments: # 1 Brief in Support of Motion, # 2 |

| | | Proposed Order)(Dhillon, Harmeet) (Entered: 09/22/2021) |
|---|---|---|
| 09/24/2021 | | DOCKET ANNOTATION: Counsel is advised to file the brief in support of Doc. 78 as a separate entry. (pjr) (Entered: 09/24/2021) |
| 09/24/2021 | 79 | BRIEF IN SUPPORT re 78 MOTION for Leave to File *Amicus Brief in Support of Plaintiff's Motion to Dismiss* filed by Republican National Committee.(Dhillon, Harmeet) (Entered: 09/24/2021) |
| 10/08/2021 | 80 | BRIEF IN OPPOSITION re 78 MOTION for Leave to File *Amicus Brief in Support of Plaintiff's Motion to Dismiss* filed by Kathy Boockvar, Jonathan M. Marks. (Attachments: # 1 Appendix Of Unpublished Opinions)(Walsh, Donna) (Entered: 10/08/2021) |
| 10/22/2021 | 81 | REPLY BRIEF re 78 MOTION for Leave to File *Amicus Brief in Support of Plaintiff's Motion to Dismiss* filed by Republican National Committee.(Dhillon, Harmeet) (Entered: 10/22/2021) |
| 11/01/2021 | 82 | ORDER - it is hereby ORDERED that the motion (Doc. 78 ) for leave to file an amicus brief in support of plaintiffs motion for summary judgement is DENIED. Signed by Honorable Christopher C. Conner on 11/1/2021 (mw) (Entered: 11/01/2021) |
| 03/31/2022 | 83 | MEMORANDUM (Order to follow as separate docket entry). Signed by Honorable Christopher C. Conner on 3/31/2022. (mw) (Entered: 03/31/2022) |
| 03/31/2022 | 84 | ORDER (memorandum filed previously as separate docket entry) - it is hereby ORDERED that defendants motion (Doc. 62 ) is GRANTED regarding plaintiffs first disclosure request insofar as the noncitizen matching analysis is protected by the work-product doctrine and fourth disclosure request in its entirety. The motion (Doc. 62) is otherwise DENIED. Plaintiffs motion (Doc. 65 ) is GRANTED in part and DENIED in part. Th Clerk of Court is directed to enter judgement. The Clerk of Court is directed to CLOSE this case. SEE ORDER FOR COMPLETE DETAILS. Signed by Honorable Christopher C. Conner on 3/31/2022. (mw) (Entered: 03/31/2022) |
| 03/31/2022 | 85 | Judgment is ENTERED in favor of defendants on Count I regarding plaintiffs first request insofar as the noncitizen matching analysis is protected by the work-product doctrine and plaintiffs fourth request in its entirety. Judgment is ENTERED in favor of plaintiff on Count I regarding all other requests. Signed by the Clerk of Court on 3/31/2022. (mw) (Entered: 03/31/2022) |
| 04/11/2022 | 86 | Joint MOTION for Extension of Time to File *Motions for Attorney's Fees, Costs, and Expenses* by The Public Interest Legal Foundation. (Attachments: # 1 Proposed Order Proposed Order)(Johnson, Noel) (Entered: 04/11/2022) |
| 04/12/2022 | 87 | ORDER granting 86 Motion for Extension of Time to File. Signed by Honorable Christopher C. Conner on 4/12/2022 (mw) (Entered: 04/12/2022) |
| 04/14/2022 | 88 | MOTION to Clarify *and Partial Reconsideration* by Kathy Boockvar, Jonathan M. Marks. (Attachments: # 1 Proposed Order)(Walsh, Donna) (Entered: 04/14/2022) |
| 04/14/2022 | 89 | BRIEF IN SUPPORT re 88 MOTION to Clarify *and Partial Reconsideration* filed by Kathy Boockvar, Jonathan M. Marks. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Unpublished Opinion(s))(Walsh, Donna) (Entered: 04/14/2022) |
| 04/28/2022 | 90 | BRIEF IN OPPOSITION re 88 MOTION to Clarify *and Partial Reconsideration* filed by The Public Interest Legal Foundation.(Johnson, Noel) (Entered: 04/28/2022) |
| 04/28/2022 | 91 | MOTION to Amend/Correct *or Alter Judgment Pursuant to Fed. R. Civ. P. 59(e)* by Kathy Boockvar, Jonathan M. Marks. (Attachments: # 1 Proposed Order)(Walsh, Donna) (Entered: 04/28/2022) |

| 04/28/2022 | 92 | BRIEF IN SUPPORT re 91 MOTION to Amend/Correct *or Alter Judgment Pursuant to Fed. R. Civ. P. 59(e)* filed by Kathy Boockvar, Jonathan M. Marks. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Unpublished Opinion(s))(Walsh, Donna) (Entered: 04/28/2022) |
|---|---|---|
| 04/29/2022 | 93 | Joint MOTION to Refer *to Mediation* by Kathy Boockvar, Jonathan M. Marks. (Attachments: # 1 Proposed Order)(Walsh, Donna) (Entered: 04/29/2022) |
| 05/02/2022 | 94 | ORDER - IT IS HEREBY ORDERED THAT the motion (Doc. 93 ) is GRANTED and the Clerk of Court shall REFER this matter to Chief Magistrate Judge Mehalchick for assignment to a United States Magistrate Judge for the purpose of conducting an in-person settlement conference on a date after June 1, 2022. Signed by Honorable Christopher C. Conner on 5/2/2022. (mw) (Entered: 05/02/2022) |
| 05/02/2022 |  | VERBAL ORDER by Chief Magistrate Judge Karoline Mehalchick Referring case to Magistrate Judge Joseph F. Saporito, Jr for purposes of conducting an in-person settlement conference after June 1, 2022. (cw) (Entered: 05/02/2022) |
| 05/03/2022 | 95 | SCHEDULING ORDER: Telephone Scheduling Conference for purpose of scheduling settlement conference set for 5/11/2022 02:00 PM before Magistrate Judge Joseph F. Saporito Jr.. Signed by Magistrate Judge Joseph F. Saporito, Jr on 5/3/22. (ms) (Entered: 05/03/2022) |
| 05/10/2022 | 96 | NOTICE by The Public Interest Legal Foundation *of Unavailability for Mediation Conference* (Johnson, Noel) (Entered: 05/10/2022) |
| 05/11/2022 | 98 | SCHEDULING ORDER: Settlement Conference set for 6/29/2022 10:00 AM in Wilkes-Barre before Magistrate Judge Joseph F. Saporito Jr.. Signed by Magistrate Judge Joseph F. Saporito, Jr on 5/11/22. (ms) (Entered: 05/11/2022) |
| 06/17/2022 | 99 | Unopposed MOTION to Continue *Settlement Conference* by Kathy Boockvar, Jonathan M. Marks. (Attachments: # 1 Proposed Order)(Brier, Daniel) (Entered: 06/17/2022) |
| 06/17/2022 | 100 | ORDER granting 99 Motion to Continue 6/29/22 settlement conference. Conference CONTNUED until further Order of Court. Telephonic scheduling Conference set for 6/21/2022 09:30 AM before Magistrate Judge Joseph F. Saporito Jr.. Signed by Magistrate Judge Joseph F. Saporito, Jr on 6/17/22 (ms) (Entered: 06/17/2022) |
| 06/22/2022 | 102 | SCHEDULING ORDER: Settlement Conference set for 6/29/22 RESCHEDULED TO 8/17/2022 10:30 AM in Wilkes-Barre before Magistrate Judge Joseph F. Saporito Jr.. Signed by Magistrate Judge Joseph F. Saporito, Jr on 6/22/22. (ms) (Entered: 06/22/2022) |
| 07/13/2022 | 103 | Joint MOTION to Continue *Stay of Proceedings* by Kathy Boockvar, Jonathan M. Marks. (Attachments: # 1 Proposed Order)(Walsh, Donna) (Entered: 07/13/2022) |
| 07/13/2022 | 104 | ORDER granting 103 Motion to Continue Stay. Signed by Honorable Christopher C. Conner on 7/13/2022. (mw) (Entered: 07/13/2022) |
| 08/17/2022 | 106 | ORDER - To continue settlement discussions: (1) Counsel for defendants shall call the Court on Tuesday September 6, 2022, at 9:15 a.m. (2) Counsel for plaintiff shall call the Court on Tuesday, September 6, 2022, at 9:45 a.m. (3) Contact information contained in Order. Signed by Magistrate Judge Joseph F. Saporito, Jr on 8/17/22. (ms) (Entered: 08/17/2022) |
| 08/18/2022 | 107 | ORDER - it is hereby ORDERED that all proceedings and filing deadlines in the above-captioned matter are STAYED through September 30, 2022, to facilitate continued settlement negotiations before Magistrate Judge Joseph F. Saporito, Jr. Signed by Honorable Christopher C. Conner on 8/18/2022. (mw) (Entered: 08/18/2022) |

| 09/23/2022 | 114 | REPORT OF SETTLEMENT OFFICER - Settlement Not Reached (ms) (Entered: 09/23/2022) |
|---|---|---|
| 10/06/2022 | 115 | Joint MOTION to Reset *Briefing Deadlines* by Kathy Boockvar, Jonathan M. Marks. (Attachments: # 1 Proposed Order)(Walsh, Donna) (Entered: 10/06/2022) |
| 10/07/2022 | 116 | ORDER granting 115 Motion to Reset Briefing Schedule. Signed by Honorable Christopher C. Conner on 10/7/2022 (mw) (Entered: 10/07/2022) |
| 10/20/2022 | 117 | MOTION for Extension of Time to of Briefing Deadlines by Kathy Boockvar, Jonathan M. Marks. (Attachments: # 1 Proposed Order)(Walsh, Donna) (Entered: 10/20/2022) |
| 10/21/2022 | 118 | BRIEF IN OPPOSITION re 117 MOTION for Extension of Time to of Briefing Deadlines filed by The Public Interest Legal Foundation. (Attachments: # 1 Exhibit(s) Exhibit A Email, # 2 Proposed Order Proposed Order)(Kerns, Linda) (Entered: 10/21/2022) |
| 10/25/2022 | 119 | ORDER granting in part and denying in part 117 Motion to Extend Time - SEE ORDER FOR COMPLETE DETAILS/DEADLINES. Signed by Honorable Christopher C. Conner on 10/25/2022 (mw) (Entered: 10/25/2022) |
| 11/11/2022 | 120 | BRIEF IN OPPOSITION re 91 MOTION to Amend/Correct *or Alter Judgment Pursuant to Fed. R. Civ. P. 59(e) Plaintiff's Response* filed by The Public Interest Legal Foundation. (Kerns, Linda) (Entered: 11/11/2022) |
| 11/11/2022 | 121 | MOTION for Order to Show Cause *under Fed R Civ Pro 11* by The Public Interest Legal Foundation. (Attachments: # 1 Proposed Order)(Kerns, Linda) (Entered: 11/11/2022) |
| 11/11/2022 | 122 | REPLY BRIEF re 88 MOTION to Clarify *and Partial Reconsideration* filed by Kathy Boockvar, Jonathan M. Marks. (Attachments: # 1 Exhibit(s) A, # 2 Appendix of Unpublished Opinion)(Walsh, Donna) (Entered: 11/11/2022) |
| 11/22/2022 | 123 | MOTION to Strike 121 MOTION for Order to Show Cause *under Fed R Civ Pro 11* by Kathy Boockvar, Jonathan M. Marks. (Attachments: # 1 Exhibit(s) A - Supplemental Production, # 2 Exhibit(s) B - Email, # 3 Proposed Order)(Walsh, Donna) (Entered: 11/22/2022) |
| 11/22/2022 | 124 | BRIEF IN SUPPORT re 123 MOTION to Strike 121 MOTION for Order to Show Cause *under Fed R Civ Pro 11* filed by Kathy Boockvar, Jonathan M. Marks. (Attachments: # 1 Exhibit(s) A - Supplemental Production, # 2 Exhibit(s) B - Email, # 3 Unpublished Opinion(s))(Walsh, Donna) (Entered: 11/22/2022) |
| 11/23/2022 | 125 | REPLY BRIEF re 91 MOTION to Amend/Correct *or Alter Judgment Pursuant to Fed. R. Civ. P. 59(e)* filed by Kathy Boockvar, Jonathan M. Marks. (Attachments: # 1 Exhibit(s) A - Settlement Agreement, # 2 Unpublished Opinion(s))(Walsh, Donna) (Entered: 11/23/2022) |
| 12/06/2022 | 126 | BRIEF IN OPPOSITION re 123 MOTION to Strike 121 MOTION for Order to Show Cause *under Fed R Civ Pro 11* filed by The Public Interest Legal Foundation. (Attachments: # 1 Exhibit(s) Exhibit A Email)(Kerns, Linda) (Entered: 12/06/2022) |
| 12/16/2022 | 127 | MOTION for Attorney Fees by The Public Interest Legal Foundation. (Attachments: # 1 Declaration Declaration of Noel H. Johnson, # 2 Exhibit(s) Exhibit 1 to Johnson Declaration (Foundation Billing Statement), # 3 Exhibit(s) Exhibit 2 to Johnson Declaration (Foundation Expense Report), # 4 Declaration Declaration of Linda A. Kerns, # 5 Exhibit(s) Exhibit 1 to Kerns Declaration (Kerns Billing Statement), # 6 Exhibit(s) Exhibit 2 to Kerns Declaration (Kerns Expense Report), # 7 Declaration Declaration of |

| | | |
|---|---|---|
| | | Louis J. Capozzi, Jr., # 8 Appendix Unpublished Decisions, # 9 Proposed Order Proposed Order)(Johnson, Noel) (Entered: 12/16/2022) |
| 12/20/2022 | 128 | REPLY BRIEF re 123 MOTION to Strike 121 MOTION for Order to Show Cause *under Fed R Civ Pro 11* filed by Kathy Boockvar, Jonathan M. Marks.(Walsh, Donna) (Entered: 12/20/2022) |
| 01/06/2023 | 129 | BRIEF IN OPPOSITION re 127 MOTION for Attorney Fees filed by Kathy Boockvar, Jonathan M. Marks. (Attachments: # 1 Appendix of Unpublished Opinions)(Walsh, Donna) (Entered: 01/06/2023) |
| 01/20/2023 | 130 | REPLY BRIEF re 127 MOTION for Attorney Fees filed by The Public Interest Legal Foundation.(Johnson, Noel) (Entered: 01/20/2023) |
| 01/31/2023 | 131 | First MOTION to Supplement *Motion for Attorney's Fees, Costs, and Expenses* by The Public Interest Legal Foundation. (Attachments: # 1 Declaration of Johnson (Second), # 2 Exhibit(s) 1 - Second Foundation Billing Statement, # 3 Declaration of Kerns (Second), # 4 Exhibit(s) 1 - Second Kerns Billing Statement)(Johnson, Noel) (Entered: 01/31/2023) |
| 02/14/2023 | 132 | BRIEF IN OPPOSITION re 131 First MOTION to Supplement *Motion for Attorney's Fees, Costs, and Expenses* filed by Kathy Boockvar, Jonathan M. Marks.(Walsh, Donna) (Entered: 02/14/2023) |
| 02/28/2023 | 133 | ORDER - it is hereby ORDERED that the Commonwealths motion (Doc. 88) for clarification and partial reconsideration is GRANTED to the extent that clarification has been provided herein. The motion is otherwise DENIED. The Commonwealths motion (Doc. 91) to amend or alter judgment is DENIED. PILFs motion (Doc. 121) is CONSTRUED as a motion for sanctions under Federal Rule of Civil Procedure 11 and is DENIED as so construed. The Commonwealths motion (Doc. 123) to strike PILFs motion (Doc. 121) for sanctions is DENIED as moot. Signed by Honorable Christopher C. Conner on 2/28/2023 (mw) (Entered: 02/28/2023) |
| 03/29/2023 | 134 | NOTICE OF APPEAL in NON-PRISONER Case as to 133 Order on Motion to Clarify,,, Order on Motion to Amend/Correct,,, Order on Motion for Order to Show Cause,,, Order on Motion to Strike,, by Kathy Boockvar, Jonathan M. Marks. Filing Fee and Docket Fee PAID. Filing fee $ 505, receipt number APAMDC-6244378. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. (Walsh, Donna) (Entered: 03/29/2023) |
| 03/30/2023 | 135 | NOTICE OF CROSS APPEAL in non-prisoner Case as to 133 Order on Motion to Clarify,,, Order on Motion to Amend/Correct,,, Order on Motion for Order to Show Cause,,, Order on Motion to Strike,, by The Public Interest Legal Foundation. Filing Fee and Docket Fee PAID. Filing fee $ 505, receipt number APAMDC-6245041. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. (Kerns, Linda) (Entered: 03/30/2023) |
| 10/17/2023 | 138 | MEMORANDUM (Order to follow as separate docket entry). Signed by Honorable Christopher C. Conner on 10/17/2023. (mw) (Entered: 10/17/2023) |
| 10/17/2023 | 139 | ORDER (Memorandum filed previosuly as separate docket entry) - it is hereby ORDERED plaintiffs motions are GRANTED in part and DENIED in part as follows:Plaintiffs motion (Doc. 131) to supplement the motion for attorneys fees is GRANTED. Plaintiffs motion (Doc. 127) for attorneys fees, as supplemented, is GRANTED in part to the extent plaintiff is awarded $180,200.00 in reasonable attorneys fees and $2,612.85 in costs. All other fees and expenses set forth in the subject motions |

| | | |
|---|---|---|
| | | are DENIED. The Clerk of Court is directed to CLOSE this case. Signed by Honorable Christopher C. Conner on 10/17/2023 (mw) (Entered: 10/17/2023) |
| 11/15/2023 | 140 | NOTICE OF APPEAL in NON-PRISONER Case as to 139 Order on Motion for Attorney Fees,,, Order on Motion to Supplement,, 138 Memorandum (Order to follow as separate docket entry) by Kathy Boockvar, Jonathan M. Marks. Filing Fee and Docket Fee PAID. Filing fee $ 505, receipt number APAMDC-6464328. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. (Walsh, Donna) (Entered: 11/15/2023) |
| 11/16/2023 | 141 | MOTION to Stay *Execution on Attorney Fee Award Pending Appeal* by Kathy Boockvar, Jonathan M. Marks. (Attachments: # 1 Appendix of Unpublished Opinions, # 2 Proposed Order)(Walsh, Donna) (Entered: 11/16/2023) |
| 11/21/2023 | 143 | BRIEF IN OPPOSITION re 141 MOTION to Stay *Execution on Attorney Fee Award Pending Appeal* filed by The Public Interest Legal Foundation. (Attachments: # 1 Affidavit of Noel H. Johnson, # 2 Appendix of Unpublished Decisions)(Johnson, Noel) (Entered: 11/21/2023) |
| 12/01/2023 | 144 | REPLY BRIEF re 141 MOTION to Stay *Execution on Attorney Fee Award Pending Appeal* filed by Kathy Boockvar, Jonathan M. Marks. (Attachments: # 1 Appendix of Unpublished Opinions)(Walsh, Donna) (Entered: 12/01/2023) |
| 12/18/2023 | 145 | ORDER - it is hereby ORDERED that defendants motion (Doc. 141) for stay of execution on attorney fee award pending appeal pursuant to Federal Rule of Civil Procedure 62(f) is GRANTED. Execution of the courts October 17, 2023, fee award (Doc. 139) is STAYED pending resolution of the appeals pending before the United States Court of Appeals for the Third Circuit. Defendants are not required to post a supersedeas bond. Signed by Honorable Christopher C. Conner on 12/18/2023 (mw) (Entered: 12/18/2023) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/13/2024 10:21:38 | | |
| PACER Login: | Mbklaw0136 | Client Code: | 4647.09 |
| Description: | Docket Report | Search Criteria: | 1:19-cv-00622-CCC |
| Billable Pages: | 12 | Cost: | 1.20 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THE PUBLIC INTEREST LEGAL
FOUNDATION,

          **Plaintiff,**

          **v.**

**AL SCHMIDT, in his official
capacity as Secretary of the
Commonwealth of Pennsylvania, and
JONATHAN M. MARKS, in his official
capacity as Deputy Secretary for
Elections and Commissions,**

          **Defendants.**

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

**NO. 1:19-CV-00622**

**JUDGE CONNER**

**ELECTRONICALLY FILED**

## NOTICE OF APPEAL

Notice is hereby given pursuant to Federal Rule of Appellate Procedure 4 that

Defendants Secretary of the Commonwealth Al Schmidt and Deputy Secretary for

Elections and Commissions Jonathan M. Marks appeal to the United States Court of

Appeals for the Third Circuit from the Memorandum and Order entered on October

17, 2023 (ECF 138, 139).

                          Respectfully submitted,

                          /s/ Donna A. Walsh

Myers, Brier & Kelly, LLP           Daniel T. Brier
425 Biden Street, Suite 200         Donna A. Walsh
Scranton, PA 18503                Counsel for Defendants, Secretary of
(570) 342-6100                   the Commonwealth Al Schmidt and Deputy
                               Secretary for Elections and Commissions
Dated:  November 15, 2023       Jonathan M. Marks

## CERTIFICATE OF SERVICE

I, Donna A. Walsh, hereby certify that a true and correct copy of the foregoing

Notice of Appeal was served upon the following counsel of record via the Court's

ECF system on this 15th day of November 2023:

> Kaylan Phillips, Esquire
> Noel H. Johnson, Esquire
> Public Interest Legal Foundation
> 32E Washington Street, Suite 1675
> Indianapolis, IN  46204
>
> Linda A. Kerns, Esquire
> Law Offices of Linda A. Kerns, LLC
> 1420 Locust Street, Suite 200
> Philadelphia, PA  19102

/s/ Donna A. Walsh
Donna A. Walsh

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE PUBLIC INTEREST LEGAL FOUNDATION, | : | CIVIL ACTION NO. 1:19-CV-622 |
| | : | (Judge Conner) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| ALBERT SCHMIDT, Secretary of the Commonwealth of Pennsylvania, and JONATHAN M. MARKS, Deputy Secretary for Elections and Commissions, | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

The Public Interest Legal Foundation ("PILF") sought production of voter

registration records from defendants Albert Schmidt, Secretary of the

Commonwealth of Pennsylvania, and Jonathan M. Marks, Deputy Secretary of

Elections and Commissions, (collectively "the Commonwealth"), under the National

Voter Registration Act ("NVRA"), 52 U.S.C. § 20507.  The court previously entered

judgment in favor of PILF and against the Commonwealth, ordering the latter to

produce certain categories of records.  PILF now seeks attorneys' fees and costs

pursuant to 52 U.S.C. § 20510(c).

## I.    Factual Background & Procedural History

In 2017, the Commonwealth of Pennsylvania admitted that a "glitch" in a

computer system used by the Pennsylvania Department of Transportation enabled

an unknown number of noncitizens to register to vote.  See Pub. Int. Legal Found.

v. Chapman, 595 F. Supp. 3d 296, 301 (M.D. Pa. 2022).  The Commonwealth

conducted a multi-stage investigation to ascertain which registered voters might be

noncitizens and to develop a plan for addressing the problem. See id. at 301-02. As

part of its investigation, the Commonwealth engaged outside counsel who, in turn,

engaged an expert to analyze the Commonwealth's voting records. See id. at 302.

Based on the expert's analysis, the Commonwealth sent more than 10,000 letters to

potential noncitizen registrants asking them to affirm their citizenship. See id.

PILF reacted to the publicity surrounding the glitch by seeking disclosure of

all documents related to noncitizen voter registration. See id. at 302-03. The

Commonwealth refused to provide PILF any documents, asserting the records

sought were outside the scope of the NVRA's disclosure requirement. See id. at

303. PILF filed suit against the Commonwealth in this court in 2018, but we

dismissed the group's initial lawsuit due to procedural defects. See Pub. Int. Legal

Found. v. Boockvar, 370 F. Supp. 3d 449, 458 (M.D. Pa. 2019).

PILF cured said defects and refiled its suit in early 2019. We held at the

motion-to-dismiss stage that the Commonwealth's efforts to address noncitizen

registration fell within the scope of the NVRA's disclosure requirement. At the

same time, we determined that certain information sought by PILF was protected

from disclosure by the Driver's Privacy Protection Act, 18 U.S.C. § 2721. The

Commonwealth subsequently endeavored to comply with PILF's disclosure

requests but refused to produce many of the records PILF sought. At summary

judgment, we found the Commonwealth had not fully met its burden regarding

three of PILF's four requests; we also held certain key records were protected from

disclosure by the work-product doctrine. We allowed the Commonwealth to redact

2

private information about individuals initially identified as potential noncitizen registrants whose eligibility to vote later had been established.

The Commonwealth filed two motions shortly thereafter asking the court to clarify, reconsider, or amend portions of our judgment. While these motions were pending, the parties jointly agreed to enter mediation before a magistrate judge. We stayed proceedings for several months while the parties negotiated in front of Magistrate Judge Joseph F. Saporito, Jr., but the parties were unable to reach a settlement. Litigation promptly resumed, with PILF filing what it styled as a "motion to show cause" attacking the Commonwealth for failing to timely disclose certain information. The Commonwealth replied with a motion to strike PILF's motion to show cause as procedurally flawed. We granted the Commonwealth's motions to the extent it sought clarification regarding the nuances of our summary-judgment holding, but denied its request to reconsider or amend our judgment. We construed PILF's motion to show cause as a motion for sanctions and denied it as construed because of procedural and substantive flaws. We also denied the Commonwealth's motion to strike as moot in light of the aforementioned denial.

PILF now moves for attorneys' fees and costs.[1] PILF asserts that two staff attorneys, Noel H. Johnson, Esquire, and Kaylan L. Phillips, Esquire, and one outside counsel, Linda A. Kerns, Esquire, worked 567.55 hours on matters related to this litigation. (See Doc. 127-2 at 25; Doc. 127-5 at 4; Doc. 131-2 at 2; Doc. 131-4 at 1). From that time, PILF excludes 81.6 hours as non-compensable—most notably because the hours relate to either the unsuccessful mediation with Judge Saporito or media appearances—leaving a total of 485.95 hours for which PILF seeks compensation. (See generally Docs. 127-2, 127-5; see also Doc. 127-1 ¶¶ 10-13; Doc. 127-4 ¶¶ 8-10). PILF also seeks $2,723.91 in litigation-related expenses. (See generally Docs. 127-3, 127-6). The motion is ripe and ready for disposition.

## II.    Legal Standard

The NVRA grants courts discretionary authority to award "the prevailing party (other than the United States) reasonable attorney fees, including litigation

---

[1] PILF filed its initial motion for attorneys' fees on December 16, 2022, while the Commonwealth's post-judgment motions were still pending, and explicitly reserved the right to file a supplemental motion seeking attorneys' fees for any additional legal work. (See Doc. 127 at 12). PILF filed its supplemental motion on January 31, 2023. (See Doc. 131). The Commonwealth contends PILF's supplemental motion is untimely because PILF filed it six weeks after the deadline set by our order dated October 25, 2022. (See Doc. 132 at 1-2 (citing Doc. 119 ¶ 2(d))). We disagree. PILF's reservation tolled our deadline. Moreover, the Commonwealth continued to vigorously contest the extent of relief it was required to give PILF after PILF filed its motion for attorneys' fees. (See Doc. 128). It would be fundamentally unfair and contrary to Congress' intention in enacting the NVRA's fee-shifting provision to allow the Commonwealth to escape its obligation to fully compensate the prevailing party for litigation expenditures because the Commonwealth, in effect, ran out the clock. We will grant PILF's supplemental motion. For simplicity's sake, we will address and refer to both motions as though they were one throughout the remainder of this opinion.

expenses, and costs." 52 U.S.C. § 20510(c).  The standards for determining whether
to award attorneys' fees and the extent of such an award are the same under the
NVRA as other civil rights statutes.  See Hensley v. Eckerhart, 461 U.S. 424, 433 n.7
(1983).  A litigant is considered a "prevailing party" when "they succeed on any
significant issue in litigation which achieves some of the benefit the parties sought
in bringing suit."  Hensley, 461 U.S. at 433 (citation omitted); accord Mancini
v. Northampton County, 836 F.3d 308, 321 (3d Cir. 2016) (quoting Truesdell v. Phila.
Hous. Auth., 290 F.3d 159, 163 (3d Cir. 2002)).  The purpose of fee-shifting provisions
like that of the NVRA is to ensure those with grievances have access to the courts.
See Hensley, 461 U.S. at 429 (citation omitted).  Hence, prevailing plaintiffs "should
ordinarily recover an attorney's fee unless special circumstances would render such
an award unjust."  Id. (quotation omitted); see Mancini, 836 F.3d at 320 (citing
Hensley, 461 U.S. at 429).  When a plaintiff "achieve[s] only partial or limited
success, a district court may adjust the fee downward," Spencer v. Wal-Mart Stores,
Inc., 469 F.3d 311, 318 (3d Cir. 2006) (citing Hensley, 461 U.S. at 434-36; Rode
v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990)), even if the plaintiff's claims were
"interrelated, nonfrivolous, and raised in good faith," id. (quoting Hensley, 461 U.S.
at 436).

Courts assess the reasonableness of a request for attorneys' fees by applying
the lodestar formula, which multiplies the number of hours reasonably expended by
a reasonable hourly rate.  See Hensley, 461 U.S. at 433; Maldonado v. Houstoun, 256
F.3d 181, 184 (3d Cir. 2001).  The prevailing party bears the initial burden of
demonstrating the reasonableness of the claimed rate and hours spent under a fee-

shifting statute. See United States *ex rel.* Palmer v. C&D Techs., Inc., 897 F.3d 128, 139 (3d Cir. 2018) (quoting Rode, 892 F.2d at 1183). The burden then shifts to the opposing party to make specific objections to the proposed hours and rate. See id. In considering objections, the court has considerable discretion to adjust fees and costs downwards. See id. However, the court may not decrease the award *sua sponte.* See Interfaith Comm. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 711 (3d Cir. 2005) (citing Bell v. United Princeton Props., Inc., 884 F.2d 713, 719 (3d Cir. 1989)). Once an opposing party makes an objection, the burden shifts back to the applicant to justify their request. See id. If they carry their burden, the resulting lodestar amount is presumed to be a reasonable fee, see Clemens v. N.Y. Cent. Mut. Fire Ins. Co., 903 F.3d 396, 400 (3d Cir. 2018) (quoting Maldonado, 256 F.3d at 184); nonetheless, the court retains discretion to make adjustments when appropriate, see Spencer, 469 F.3d at 318; Rode, 892 F.2d at 1183.

## III.   Discussion

### A.   Appropriateness of Attorneys' Fees

The threshold question in this matter is whether attorneys' fees are appropriate at all. The parties agree PILF is the prevailing party, they simply differ as to the extent of PILF's success. (Compare Doc. 127 at 4-5, with Doc. 129 at 7-8). The Commonwealth insists, however, this case involves the sort of special circumstances that ought to render an award of attorneys' fees inappropriate. (See Doc. 129 at 6-7). As the Commonwealth sees it, PILF's disclosure requests raised novel questions of law, to which the Commonwealth responded in good faith. (See id.) We are unpersuaded. Although this litigation has presented some novel legal

issues, <u>see, e.g.</u>, <u>Pub. Int. Legal Found. v. Boockvar</u>, 431 F. Supp. 3d 553, 559 (M.D.

Pa. 2019) ("As a matter of first impression in our circuit, we are asked to interpret

the NVRA's Disclosure Provision."), the Commonwealth points to no cogent

authority for the proposition that attorneys' fees are precluded or even disfavored

under the NVRA when the parties' dispute involves unsettled questions of law.[2]

The Commonwealth may have acted in good faith throughout this litigation, but

"the government's good faith alone is no defense to an award of attorneys' fees."

<u>See</u> <u>Taylor v. United States</u>, 815 F.2d 249, 254 n.1 (3d Cir. 1987) (Becker, J.,

concurring) (collecting cases addressing fee-shifting provisions under civil rights

---

[2] The Commonwealth cites three cases in support of its position: <u>Abramson v. United States</u>, 45 Fed. Cl. 149, 153 (1999); <u>Varsity Brands, Inc. v. Star Athletica, LLC</u>, No. 10-02508, 2014 WL 1091978, at *1 (W.D. Tenn. Mar. 18, 2014); <u>Thompkins v. Lil' Joe Records, Inc.</u>, No. 02-61161-CIV, 2008 WL 896898, at *6 (S.D. Fla. Mar. 31, 2008). All are inapposite. <u>Abramson</u> addresses a motion for attorneys' fees under the Back Pay Act, 5 U.S.C. § 5596, and Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. <u>See</u> <u>Abramson</u>, 45 Fed. Cl. at 151-52. The Back Pay Act is not a civil rights statute and requires the movant to prove the award is "warranted in the interest of justice." <u>See</u> <u>id.</u> at 151 (quoting 5 U.S.C. § 7701(g)(1)). The EAJA's fee-shifting provision mandates courts award attorneys' fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." <u>See</u> <u>id.</u> (quoting 28 U.S.C. § 2412(d)(1)(A)). Conversely, the relevant NVRA provision is discretionary and does not suggest a party is less susceptible to paying attorneys' fees when their legal positions are "substantially justified." <u>See</u> 52 U.S.C. § 20510. <u>Varsity Brands</u> and <u>Thompkins</u> both address motions for attorneys' fees under statutes protecting intellectual property, not civil rights. <u>See</u> <u>Varsity Brands</u>, 2014 WL 1091978, at *1 (discussing fee shifting under the Copyright Act, 17 U.S.C. § 505, and Lanham Act, 15 U.S.C. § 1117(a)); <u>Thompkins</u>, 2008 WL 896898, at *6 (discussing fee shifting under the Copyright Act). The Supreme Court of the United States has made clear that the policy considerations animating federal intellectual property laws justify applying different standards to disputes involving that discrete subject matter even when those laws employ language similar to civil rights statutes. <u>See</u> <u>Fogerty v. Fantasy, Inc.</u>, 510 U.S. 517, 522-25 (1994).

statutes); see also Jordan v. Dorsey, 587 F. Supp. 282, 285 (E.D. Pa. 1984) (permitting good-faith defense would frustrate purpose of fee-shifting provisions in civil rights statutes). Because we find the matter *sub judice* does not present special circumstances, we will award PILF attorneys' fees.

Alternatively, the Commonwealth argues that we should reduce PILF's award by "75% or more" because PILF was only partially successful in this litigation. (See Doc. 129 at 9). We agree PILF was not successful in obtaining every single document it desired. But the crux of PILF's request was to obtain documents detailing the Commonwealth's investigation and efforts to remediate noncitizen voter registration. Particularly, PILF wanted to know which registered voters the Commonwealth suspected were non-citizens. PILF obtained an order from this court compelling the Commonwealth to turn over documents substantially answering that question. Given the extensive length of this litigation, the complexity of the legal issues involved, and the vigorous defense put forward by the Commonwealth, we find PILF is entitled to the full value of the compensable hours it successfully invested toward that end.

### B.    Lodestar Calculation

Our lodestar calculation begins with assessing the reasonableness of PILF's proffered billing rate. See Walker v. Gruver, No. 1:11-CV-1223, 2013 WL 5947623, at *3 (M.D. Pa. Nov. 5, 2013) (Conner, C.J.) (citing Interfaith, 426 F.3d at 711). Typically, courts determine a reasonable hourly rate by looking at the market rate for similar legal services provided by attorneys of "reasonably comparable skill, experience, and reputation." See Maldonado, 256 F.3d at 184 (quoting Rode, 892

F.2d at 1183). PILF suggests its attorneys' time is worth $400 per hour, (see Doc. 127 at 10), and the group submits an affidavit from a practicing attorney in the Middle District of Pennsylvania who attests to the reasonableness of this rate given the nature of the litigation and the respective attorneys' skill and experience. (See Doc 127-7). The Commonwealth does not object to the reasonableness of the proposed rate. See Mancini, 836 F.3d at 320 n.12 (not contesting reasonableness of rate waives issue). After considering the affidavit, the court's knowledge of the legal economy in the region where it sits, the Commonwealth's lack of opposition, and all other relevant factors, we find $400 per hour to be a reasonable rate.

Having ascertained a reasonable billing rate, we turn to the particular hours billed by Attorneys Johnson, Phillips, and Kerns. Attorney Johnson submits an affidavit and billing statement itemizing the hours he and Attorney Phillips worked on this matter. (See Docs. 127-1, 127-2, 131-1, 131-2). Attorney Kerns submits similar documentation. (See Docs. 127-4. 127-5, 131-3, 131-4). PILF also attaches an expense report with receipts documenting its litigation-related costs and expenses. (See Doc. 127-3). Together, Attorneys Johnson, Phillips, and Kerns worked 485.95 hours for which PILF seeks compensation. These filings are unquestionably specific enough to allow us to assess the reasonableness of the hours claimed by the three attorneys. See Clemens, 903 F.3d at 401 (citing Washington v. Phila. Cnty. Ct. of Com. Pl., 89 F.3d 1031, 1037 (3d Cir. 1996)); Gelis v. BMW of N. Am., LLC, 49 F.4th 371, 379-80 (3d Cir. 2022) (citing Rode, 892 F.2d at 1190). The Commonwealth objects to certain hours cited in Johnson's and Kerns' statements. It also objects to an item listed among PILF's expenses. We address these objections *seriatim*.

9

1.   *Sanctions Motion*

The Commonwealth argues we should exclude 14.40 hours related to filing and defending PILF's motion to show cause because the motion was baseless and sanctionable in and of itself. (See Doc. 129 at 10-11). PILF defends the motion as related to the relief ordered in our summary-judgment decision.[3] (See Doc. 130 at 10-11). We are unpersuaded by PILF's argument. As we pointed out in our order, PILF's motion was procedurally flawed on its face, poorly unsupported by the facts, and unnecessary to achieve PILF's stated goal. (See Doc. 133 at 5 n.7). The purpose of the NVRA's fee-shifting provision is to enhance citizens' access to information used by states to construct voter rolls. A palpable air of acrimony has developed between the parties after years of vigorous litigation, and PILF's motion strikes us as serving this acrimony rather than the interests Congress intended the NVRA to advance. We will exclude these 14.40 hours from PILF's attorneys' fees.[4]

2.   *Hersh Subpoena*

PILF initially believed that the Commonwealth had hired one Eitan Hersh, a professor of political science at Tufts University, to be its expert witness in this

---

[3] The Commonwealth and PILF submitted their arguments regarding the compensability of work on the motion for sanctions before we denied the motion. Neither party subsequently has elected to supplement their positions. Their pre-denial positions on the issue are sufficiently clear and expansive such that we may fairly assess them on the merits.

[4] The Commonwealth asks to be reimbursed for its own attorneys' fees related to opposing PILF's motion. (See Doc. 129 at 10-11 & n.3). Setting aside any procedural impropriety with this request, we find application of the American rule appropriate in this situation. PILF's motion was not frivolous; the Commonwealth missed a disclosure deadline (if only narrowly).

matter. (See Doc. 129 at 12-13; Doc. 130 at 11-12). PILF's attorneys subsequently invested time subpoenaing Hersh before dropping the idea after learning he would not be the Commonwealth's designated expert witness. (See Doc. 130 at 11-12). The Commonwealth asks the court to exclude 4.1 hours and $111.06 in expenses related to subpoenaing Hersh as unnecessary and unrelated to this litigation. (See Doc. 129 at 12-13). PILF rejoins that it "did its best to discover the expert's identity through alternative means," (see Doc. 130 at 11), but at no point has PILF explained why it believed Hersh was the Commonwealth's expert as opposed to any other consultant with expertise in the field of political science. We have no basis upon which to conclude the time and resources PILF expended in pursuit of Hersh were necessary or reasonable. Consequently, we will exclude these 4.1 hours and $111.06 in expenses from PILF's final award.

### 3.   *Vague and Unrelated Entries*

The Commonwealth challenges 34.2 hours as excessively vague or unrelated to the present litigation. (See Doc. 129 at 14-16). As we have already noted, the prevailing party must document the hours its attorneys spent working on a case with sufficient specificity to enable the court to assess compensability. See Clemens, 903 F.3d at 401; Gelis, 49 F.4th at 379-80. A fee petition should include "some fairly definite information as to the hours devoted to various general activities, *e.g.*, pretrial discovery, settlement negotiations, and the hours spent by various classes of attorneys, *e.g.*, senior partners, junior partners, associates." Gelis, 49 F.4th at 380 (quoting Rode, 892 F.2d at 1190). However, "it is not necessary to

know the exact number of minutes spent nor the precise activity to which each hour was devoted." Id. (quoting Rode, 892 F.2d at 1190).

PILF concedes 0.7 hours of Attorney Johnson's work related to a phone call on April 6, 2022, and a special admission form for another attorney and should be excluded from the total compensable hours. (See Doc. 130 at 13-19). Nevertheless, PILF insists the rest of the challenged work is sufficiently specific when read in context and genuinely related to this litigation. (See id.)[5] We largely agree. Each of the entries challenged by the Commonwealth (Johnson's phone call aside) lists the task performed, the attorney who performed the task, the date, and the time spent in fractional hours. We need not inquire any further.[6] See Walker, 2013 WL 5947623, at *15 (citing, inter alia, Washington, 89 F.3d at 1037-38). PILF adequately explains the connection between the challenged entries and the instant litigation, with one exception. (See Doc. 130 at 17-18). Attorney Phillips asserts she spent 0.7 hours on February 18, 2020, inter alia, working on a "special appearance" and doing "training." (See 127-2 at 5). PILF explains the relationship between the appearance and the matter sub judice, (see Doc. 130 at 13), but does not explain the relevance of the training. Hence, we must assume the 0.7 hours spent training is

---

[5] PILF appears to exclude Attorney Johnson's April 6 call twice. (See Doc. 130 at 13, 18). We will only deduct it once.

[6] The Commonwealth insists PILF bears a "heavy burden" when it comes to establishing sufficient specificity but relies entirely on caselaw from the United States Court of Appeals for the District of Columbia Circuit. (See Doc. 129 at 14 (citing Kennecott Corp. v. EPA, 804 F.2d 763, 767 (D.C. Cir. 1986) (per curiam); Role Models Am., Inc. v. Brownlee, 353 F.3d 962, 970 (D.C. Cir. 2004)). The standard set by our court of appeals controls, not that of a sister court. See Washington, 89 F.3d at 1037.

unrelated and not compensable.[7] Accordingly, we will exclude 1.4 hours; the challenged hours are otherwise compensable.

### 4. *Local Rules*

The Commonwealth challenges several additional entries totaling 5.7 hours as duplicative and excessive because each entry involves reviewing the local rules of court. (See Doc. 129 at 16-17). We do not find these hours to be duplicative. First, 3.9 of these hours are associated with entries describing multiple tasks such as reviewing communications, conducting legal research, and discussing the case with another attorney—not just reviewing rules. (See Doc. 127-2 at 3, 16, 20). As explicitly set forth in the time entry, it is abundantly clear that only a fraction of the identified time was spent on review. Second, even if PILF's attorneys did spend upwards of 5.7 hours reviewing the local rules, we do not find this be an excessive amount of review given the length of this litigation.[8] These hours are compensable.

---

[7] We exclude the entire 0.7 hours because PILF aggregated the special admission and training, thus we cannot determine how much time was spent on the compensable versus the non-compensable tasks and must exclude all the time attributed to this entry. See Rode, 892 F.2d at 1191 (aggregating time is not best practices and carries risks).

[8] The Commonwealth cites to West Virginia University Hospitals, Inc. v. Casey, 898 F.2d 357, 366 (3d Cir. 1990), in support of its assertion that 5.7 hours is categorically excessive. (See 129 at 17). In Casey, our court of appeals found 7 hours spent reviewing local rules to be "grossly excessive." See Casey, 898 F.2d at 366. But the Casey court was addressing a much different situation. The attorneys in Casey were experienced appellate practitioners seeking compensation for time spent reviewing the local rules in relation to a Third Circuit appeal. Undergirding our court of appeals' holding is the assumption appellate rules vary little from circuit to circuit. In contrast, local rules vary considerably from district to district. Neither Attorney Johnson nor Attorney Phillips were admitted to practice in Pennsylvania and they had no experience litigating in the Middle District. (See Doc. 127-1 ¶ 15). Our local rules are over 100 pages in length and somewhat

### 5.  *Duplicative Work*

The Commonwealth challenges several entries related to PILF's attorneys

editing and revising motions, briefs, and other legal documents as unreasonable.

(See Doc. 129 at 16-17). We disagree. The revision, editing, winnowing, and

perfecting of legal writing is one of a lawyer's most important tasks and much

appreciated by the court. These hours are compensable as well.

### 6.  *Administrative Tasks*

The Commonwealth challenges 5.7 hours related to what it calls

"administrative tasks." (See id. at 18). The tasks, which appear in a handful of

entries scattered over multiple years, relate to several aspects of Attorney Johnson's

work: fixing typos, downloading case filings, scanning documents, and constructing

a table of contents. (See id.). Fixing typographical errors falls within the editorial

work we have already found to be compensable. See supra p. 13. Constructing a

table of contents and scanning documents, however, are the sort of "purely clerical"

tasks for which a law degree is unnecessary. See Clemens, 903 F.3d at 401 (citing

Missouri v. Jenkins ex rel. Agyei, 491 U.S. 274, 288 n.10 (1989)). A paralegal or

administrative assistant could have completed that work effectively, see Loughner

v. Univ. of Pittsburgh, 260 F.3d 173, 180 (3d Cir. 2001), and it is unreasonable to bill

---

idiosyncratic in their approach to certain motions, most notably motions for
summary judgment. Representing a party on appeal also tends to be far more
limited in time and scope than representing a party through the procedural eddies,
rapids, and whirlpools of complex, multi-year litigation.

Appx29

for those tasks at the same rate as bona fide legal work, see <u>Clemens</u>, 903 F.3d at 401. We will exclude the entire[9] 2.8 hours Attorney Johnson spent on these tasks.

### 7.    *New Complaint*

The Commonwealth also objects to 13.7 hours PILF's attorneys purportedly spent working on a "new complaint," work the Commonwealth views as duplicative because the complaint filed in this litigation was merely a revised version of the complaint PILF filed in its previously dismissed lawsuit against the Commonwealth. (<u>See</u> Doc. 129 at 18-19). This challenge is unavailing. It is clear from context that the "new complaint" entries at issue refer to efforts to revise the prior complaint. The complaint that initiated this lawsuit includes an additional 28 paragraphs when compared with the prior complaint, as well as innumerable smaller changes. <u>Compare</u> (Doc. 1), <u>with</u> <u>Pub. Int. Legal Found. v. Torres</u>, No. 1:18-CV-463, Doc. 1 (M.D. Pa. Feb. 26, 2018). We find 13.7 hours an entirely reasonable—and therefore compensable—amount of time to bill for making these changes to such an essential filing.

### 8.    *Voluntary Mediation*

Attorney Johnson represents in his affidavit that PILF decided, as a matter of billing judgment, not to seek reimbursement for dozens of hours its attorneys put toward mediation with Judge Saporito. (<u>See</u> Doc. 127-1 ¶ 12; <u>see also</u> Doc. 127-2 at 21-23). The Commonwealth notes Attorney Kerns failed to follow Attorney

---

[9] Again, we cannot separate the compensable time in these entries from the non-compensable time because PILF chose to aggregate. <u>See</u> *supra* p. 12 n.7.

Appx30

Johnson's lead and exclude the 12.75 hours she worked on the mediation. (See Doc. 129 at 19-20). PILF concedes the inclusion of these hours was erroneous and withdraws them.[10] (See Doc. 130 at 22). Accordingly, these hours are not compensable.

### C.    Adjustment

PILF originally sought compensation for 485.95 hours. Accounting for the adjustments outlined above, we reduce the total number of compensable hours to 450.5. Using the reasonable rate of $400 per hour, PILF's lodestar amount works out to be $180,200.00. See Hensley, 461 U.S. at 433; Maldonado, 256 F.3d at 184. Having determined PILF is entitled to the full value of its compensable hours, we award PILF $180,200.00 in reasonable attorneys' fees and $2,612.85 in litigation-related expenses.

### IV.    Conclusion

For the foregoing reasons, the court will grant in part and deny in part plaintiff's motion for attorneys' fees. An appropriate order shall issue.


                                        /S/ CHRISTOPHER C. CONNER
                                        Christopher C. Conner
                                        United States District Judge
                                        Middle District of Pennsylvania

Dated:    October 17, 2023

---

[10] PILF does not concede the hours are categorically non-compensable but agrees they should be excluded in an exercise of its billing judgment. (See Doc. 130 at 22).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE PUBLIC INTEREST LEGAL FOUNDATION, | : | CIVIL ACTION NO. 1:19-CV-622 |
| | : | |
| | : | (Judge Conner) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| ALBERT SCHMIDT, Secretary of the Commonwealth of Pennsylvania, and JONATHAN M. MARKS, Deputy Secretary for Elections and Commissions, | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this 17th day of October, 2023, upon consideration of plaintiff's motion (Doc. 127) for attorneys' fees and motion (Doc. 131) to supplement the same, and the parties' respective briefs in support thereof and in opposition thereto, and for the reasons set forth in the accompanying memorandum of today's date, it is hereby ORDERED plaintiff's motions are GRANTED in part and DENIED in part as follows:

1.   Plaintiff's motion (Doc. 131) to supplement the motion for attorneys' fees is GRANTED.

2.   Plaintiff's motion (Doc. 127) for attorneys' fees, as supplemented, is GRANTED in part to the extent plaintiff is awarded $180,200.00 in reasonable attorneys' fees and $2,612.85 in costs. All other fees and expenses set forth in the subject motions are DENIED.

3.   The Clerk of Court is directed to CLOSE this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania