

**PUBLIC INTEREST LEGAL FOUNDATION**

VIA CM/ECF

July 29, 2024

Patricia S. Dodszuweit
Clerk of Court
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

  **RE**: ***Public Interest Legal Foundation, Inc. v. Schmidt***, **Nos. 23-1590 and 23-1591 (3d Cir.)**

Dear Ms. Dodszuweit,

  Pursuant to Federal Rule of Appellate Procedure 28(j), Plaintiff-Appellee/Cross-Appellant Public Interest Legal Foundation ("Foundation") hereby responds to the Commonwealth's Rule 28(j) letter concerning *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367 (2024) ("*Alliance*").

  In *Alliance*, the organizational plaintiffs did not have standing because they had only "legal, moral, ideological, and policy objections to mifepristone being prescribed and used by *others*" *id*. at 386 (emphasis in original), rather than injuries sufficiently *caused* by the FDA's conduct, *id*. at 394. With respect to the plaintiff's allegedly "incurring costs to oppose FDA's actions," the Supreme Court explained, "[A]n organization that has not suffered a concrete injury caused by a defendant's action cannot spend its way into standing simply by expending money to gather information and advocate against the defendant's action." *Id*. at 394.

  On the other hand, the Supreme Court explained that an organizational plaintiff would have standing where the defendant "directly affected and interfered

with [the plaintiff's] core business activities." *Id*. at 395 (citing *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982)).

     The Foundation does not rely on the type of injuries pleaded in *Alliance*. The Foundation alleges an informational injury that caused multiple adverse consequences. *See* Doc. 36 at 20-30. In *Alliance*, the Supreme Court was careful to distinguish informational injuries from the injuries the medical association plaintiffs alleged: "[T]he associations have not claimed an informational injury, and in any event the associations have not suggested that federal law requires FDA to disseminate such information upon request by members of the public." *Alliance*, 602 U.S. at 395-96 (citing *Federal Election Comm'n v. Akins*, 524 U. S. 11 (1998)). In other words, *Alliance* says nothing about the Foundation's informational injuries and changes nothing about the Foundation's standing. Even so, the Foundation alleges the type of direct interference with business activities that *Alliance* and *Havens Realty* deem sufficient for standing purposes, *Alliance*, 602 U.S. at 395. Doc. 36 at 20-30.

                                        Sincerely,

                                          /s/ Noel H. Johnson
                                        Noel H. Johnson
                                        107 S. West Street, Ste. 700
                                        Alexandria, VA 22314
                                        (703) 745-5870
                                        njohnson@PublicInterestLegal.org
                                        *Counsel for Plaintiff-Appellee/Cross-Appellant*