No. 23-1590, No. 23-1591, & No. 23-2045

_____

IN THE UNITED STATES COURT OF APPEALS FOR THE
THIRD CIRCUIT
_____

THE PUBLIC INTEREST LEGAL FOUNDATION,

        Appellee/Cross-Appellant,
   v.

AL SCHMIDT, in his official capacity as SECRETARY
OF THE COMMONWEALTH OF PENNSYLVANIA,
and
JONATHAN M. MARKS, in his official capacity as DEPUTY
SECRETARY FOR ELECTIONS AND COMMISSIONS,

        Appellants/Cross-Appellees.

_____

Appeal From Final Order Entered by U.S. District Court for
the Middle District of Pennsylvania in Case No. 1:19-CV-622
_____
_____

MOTION FOR LEAVE TO FILE BRIEF AMICUS CURIAE IN
SUPPORT OF APPELLEE/CROSS-APPELLANT'S
PETITION FOR REHEARING *EN BANC*
_____

       *Andrew Zimmitti*
       America First Policy Institute,
       Center for Litigation
       1455 Pennsylvania Avenue NW
       Suite 225
       Washington, D.C. 20004
       (703) 755-0944

       *Attorney for Amicus Curiae*

CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. App. Proc. 26.1 and 29 and Local Rule App. Proc. 26.1, the America First Policy Institute ("AFPI") has no financial interest in this case. AFPI is a non-profit, 501(c)(3) organization. It is not a publicly held corporation, has no parent companies or subsidiaries, and it neither owns, nor is owned by, any of the parties in this case.

Case: 23-3045    Document: 58    Page: 3    Date Filed: 06/06/2025


## MOTION FOR LEAVE TO FILE BRIEF AMICUS CURIAE

AFPI hereby moves for leave to file a brief as amicus curiae in support of appellee/cross-appellant Public Interest Legal Foundation (PILF)'s petition for rehearing *en banc*, in the above captioned matter. Pursuant to Fed. R. Civ. P. 29(b), amicus filings during a court's consideration of whether to grant panel rehearing or rehearing *en banc* are by leave of the court only, and the parties may not consent to this filing. However, AFPI has contacted counsel for appellee/cross-appellant Public Interest Legal Foundation, which has stated it will not oppose this motion. AFPI has also contacted counsel for appellants/cross-appellees, who stated in an email dated May 28, 2025, that they will "oppose any motion for leave to file an amicus brief." A copy of the proposed brief is filed with this motion.

AFPI is a non-profit, non-partisan research institute dedicated to the advancement of policies that put the American people first. Its guiding principles are liberty, free enterprise, the rule of law, America-first foreign policy, and a belief that American workers, families, and communities are the key to the success of our country. It is the mandate of policymakers to advance and serve these interests above all others. As

part of its mission, AFPI houses the Center for Election Integrity, which participates in a national effort to conduct research, educate stakeholders, and develop policies that help make it easy to vote, but hard to cheat. AFPI, thus, works with state partners to highlight measures and best practices that ensure free and fair elections throughout the United States and promote confidence in United States representative democracy. AFPI relies upon the type of information at issue in this case to provide accountability to the public in ensuring that voter lists include eligible voters and exclude ineligible ones in the most accurate manner possible. If access to these records is cut off, public interest organizations like AFPI will be effectively prevented from performing vital work to ensure the integrity of elections and hold public officials accountable.

AFPI has engaged in numerous legal actions which have supported its Center for Election Integrity's mission to improve election transparency and uphold voter rights. These continuing efforts are critical to ensuring the fulfillment of congressional intent behind the National Voter Registration Act's (NVRA) public disclosure provision, which is, first and foremost, transparency. AFPI's efforts will be in

jeopardy if the Panel's new, heightened informational injury requirement for standing is not vacated. Public interest organizations like AFPI and PILF should not face additional barriers to engage in these crucial functions, especially ones that contravene Congressional intent.

The NVRA is an important law which is vital to our democratic institutions and the public's trust in their democracy. "Public disclosure promotes transparency in the voting process, and courts should be loath to reject a legislative effort so germane to the integrity of federal elections." *Project Vote/Voting for America, Inc. v. Long*, 682 F.3d 331, 339-40 (4th Cir. 2012). Additionally, the Panel's decision creates a post-*TransUnion* conflict among the courts. *See, e.g., Laufer v. Naranda Hotels, LLC*, 60 F.4th 156 (4th Cir. 2023).

Furthermore, the Panel's decision conflicts with the spirit of decades of rulings on standing under the Freedom of Information Act and other public records laws. Because the Panel has invited courts to essentially ignore the violation of statutory rights as a basis for informational injury, years of precedent related to public disclosure under the NVRA may now be called in to question. Courts across the nation have a rich history of validating such injuries and protecting the

integrity of elections. Transparency is crucial to a functioning democracy, and the Panel's decision risks not just compromising transparency in elections, but also places government accountability and public safety at risk broadly.

Without an affirmation of the rights that Congress sought to protect in public disclosure laws, such as the NVRA, AFPI is concerned that government officials will be emboldened to remain opaque and shut out opposing viewpoints. If the Panel's decision is allowed to stand, the Secretary of the Commonwealth of Pennsylvania will remain free to withhold information, contrary to federal law, placing the integrity of the Commonwealth's elections in jeopardy. Such concerns are especially palpable considering the Secretary's decision to oppose AFPI voicing its views in these proceedings.

*(remainder of page intentionally left blank)*

## PRAYER

For the reasons stated above, AFPI's motion for leave to file a brief as *amicus curiae* in support of appellee/cross-appellant Public Interest Legal Foundation's petition for rehearing *en banc*, in the above captioned matter should be granted.

Respectfully submitted this 6th day of June, 2025.

/s/ *Andrew Zimmitti*
_____

*Andrew Zimmitti*
Senior Counsel
America First Policy Institute,
Center for Litigation
1455 Pennsylvania Avenue NW
Suite 225
Washington, D.C. 20004
(703) 755-0944

*Attorney for Amicus Curiae*

## CERTIFICATE OF BAR MEMBERSHIP

I certify pursuant to Local Rule 46.1 that I am a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

Respectfully submitted this 6th day of June, 2025.

*/s/ Andrew Zimmitti*

_____

*Andrew Zimmitti*
America First Policy Institute, Center for Litigation
1455 Pennsylvania Avenue NW
Suite 225
Washington, D.C. 20004
(703) 755-0944

*Attorney for Amicus Curiae*

## CERTIFICATE OF COMPLIANCE AND VIRUS SCAN

I, Andrew Zimmitti, hereby certify as follows:

1. The foregoing motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) because the motion has been prepared in proportionally spaced typeface using Microsoft Word 14-point Century Schoolbook font;

2. The foregoing motion complies with the type-volume limitations of Fed. R. App. P. 27(a)(2)(A) because it contains 759 words, excluding those parts of the motion excluded by Fed. R. App. R. 32(f), as calculated using the word count function on Microsoft Word software;

3. The text of the electronic and hard copies of this motion are identical; and

4. A virus scan was run on the electronic copy of this motion using Trend Micro OfficeScan and no viruses were detected.

Respectfully submitted this 6th day of June, 2025.

                                             */s/ Andrew Zimmitti*
                                             _____
                                             *Andrew Zimmitti*

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2025, the foregoing motion was filed via CM/ECF. Service was accomplished on all parties or their counsel of record via CM/ECF.

Respectfully submitted this 6th day of June, 2025.

*/s/ Andrew Zimmitti*
_____
*Andrew Zimmitti*