Nos. 23-1590, 23-1591 & 23-3045

# In The United States Court Of Appeals For The Third Circuit

AL SCHMIDT, in his official capacity as SECRETARY OF THE COMMONWEALTH OF PENNSYLVANIA, and JONATHAN M. MARKS, in his official capacity as DEPUTY SECRETARY FOR ELECTIONS AND COMMISSIONS,

*Defendants-Appellants/Cross-Appellees,*

v.

THE PUBLIC INTEREST LEGAL FOUNDATION,

*Plaintiff-Appellee/Cross-Appellant.*

Appeal from the U.S. District Court for the Middle District of Pennsylvania
Case No. 1:19-CV-622 (Hon. Jennifer P. Wilson)

**MOTION OF RESTORATION NEWS FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE IN SUPPORT OF APPELLEE/CROSS-APPELLANT'S PETITION FOR REHEARING EN BANC**

1

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Third Circuit LAR 26.1, amicus Restoration News makes the following disclosures:

1) For nongovernmental corporate parties, please list all parent corporations:

*Restoration News is a program of Restoration of America, Inc., an Ohio 501(c)(4) nonprofit corporation.*

2) For nongovernmental corporate parties, please list all publicly held companies that hold 10% or more of the party's stock:

*None.*

3) If there is a publicly held corporation which is not a party to the proceeding before this Court but which has as a financial interest in the outcome of the proceeding, please identify all such parties and specify the nature of the financial interest or interests:

*None.*

4) In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate must list: (1) the debtor, if not identified in the case caption; (2) the members of the creditors' committee or the top 20 unsecured creditors; and, (3) any entity not named in the caption which is an active participant in the bankruptcy proceeding. If the debtor or trustee is not participating in the appeal, this information must be provided by appellant.

*Not applicable.*

Dated: June 6, 2025

*/s/Edward D. Greim*
Edward D. Greim

*Counsel for Amicus Restoration News*

Pursuant to FRAP 29(b), Restoration News respectfully moves this Court for leave to file the accompanying brief as amicus curiae in support of Appellee/Cross-Appellant Public Interest Legal Foundation's petition for rehearing en banc. Proposed amicus sought the consent of all parties to the filing of this brief. Appellee/Cross-Appellant Public Interest Legal Foundation consents to this filing; the other parties do not consent.

## I.   IDENTITY OF PROPOSED AMICUS

Restoration News is a program of Restoration of America, an Ohio nonprofit religious organization. The mission of Restoration News is to provide comprehensive, accurate, and insightful coverage of news, politics, and current events from a Christian, conservative, and American perspective.

Restoration News focuses on matters of public policy and political interest, including voting, election integrity, immigration, and the influence of money in politics. *See* https://restoration-news.com/. Restoration News's coverage in these areas are particularly aided by access to information and records that must be made available under federal law, including under the Freedom of Information Act, the National Voter Registration Act, 26 U.S.C. § 6104 (a provision in the Internal Revenue Code requiring non-profits to make returns publicly available), and campaign finance disclosures, among others. When given effect, these public

disclosure provisions permit Restoration News to gather the information necessary to publish stories analyzing—and often criticizing—core government functions.

## II. THE PROPOSED AMICUS BRIEF SATISFIES THE COURT'S CRITERIA UNDER RULE 29.

The criteria set out in Rule 29(b) are met if a putative amicus has "a sufficient 'interest' in the case and [its] brief is 'desirable' and discusses matters that are 'relevant to the disposition of the case.'" *Neonatology Associates, P.A. v. C.I.R.*, 293 F.3d 128, 129 (3d Cir. 2002) (Alito, J.) (quoting rule). "[I]t is preferable to err on the side of granting leave." *Id.* at 132-33. "Even when the other side refuses to consent to an amicus filing, most courts of appeals freely grant leave to file, provided the brief is timely and well-reasoned." Micael E. Tigar & Jane B. Tigar, Federal Appeals—Jurisdiction and Practice 181 (3d ed. 1999) (quoted approvingly in *Neonatology Associates*, 293 F.3d at 133).

Restoration News' interest in this case, and thus its brief, is centered around the significant impact the panel decision will have on members of the press. *See Neonatology Associates*, 293 F.3d at 132 (where amicus's interest is to "argue points deemed too far-reaching for emphasis by a party intent on winning a particular case" or to "explain the impact a potential holding might have on an industry or other group," amicus "may provide important assistance to the court"). It was likely not the panel's intent to render toothless the transparency statutes on which Restoration News and other press outlets rely, but that is the decision's effect. Like other

4

members of the press, Restoration News rarely requests records for any purpose other than providing transparency by disseminating the records and/or information about the records to a broader audience. The proposed amicus brief argues that the panel's nexus test would rob it of its standing in most circumstances. It also addresses the First Amendment implications of applying a nexus test that determines a press-plaintiff's standing based on the journalist's intent and the contents of its intended reporting, inviting viewpoint-based discrimination in public record access.

Restoration News also submits that the accompanying brief is "'relevant' and 'desirable'" because its argument regarding the impact of the district court's holding on the press "alerts the merits panel to possible implications of the appeal" on parties not before the court. *Id.* at 133; *see also id.* (encouraging courts to "grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted"). No parties before the court are members of the press or represent the press's interest. Given the importance of government records to newsgathering and other First Amendment activity, the impact of the panel decision on those efforts must be examined.

## **CONCLUSION**

For the foregoing reasons, Restoration News' motion for leave to file the accompanying brief as amicus curiae should be granted.

Dated: June 6, 2025

/s/*Edward D. Greim*
Edward D. Greim*
Matthew R. Mueller*
**Admitted to Third Circuit Bar*
Graves Garrett Greim LLC
1100 Main Street, Suite 2700
Kansas City, MO 64105
T. 816.256.3181
F. 816.256.5958

*Counsel for Proposed Amicus Restoration News*

# CERTIFICATE OF BAR MEMBERSHIP, COMPLIANCE WITH TYPEVOLUME LIMITATION AND TYPEFACE REQUIREMENTS, AND VIRUS CHECK

In accordance with Local Appellate Rules 28.3(d) and 46.1(e), I certify both attorneys whose names appear on the brief are members of the bar of this court.

In accordance with Local Appellate Rule 31.1(c), I certify that ESET Endpoint Security scanned the file and did not detect a virus and that any paper copies that Amicus submits will be identical to the text of the electronic brief.

I certify that this motion complies with the type-volume limitations in Federal Rule of Appellate Procedure 27(a)(2)(A), because it contains 677 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f), according to the word count of Microsoft Word. This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in Times New Roman 14-point font, a proportionally spaced typeface.

Dated: June 6, 2025

/s/Edward D. Greim
Edward D. Greim

*Counsel for Amicus Restoration News*

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2025, a copy of the foregoing Motion of Restoration News for Leave to File Brief of Amicus Curiae in Support of Appellee/Cross-Appellant's Petition for Rehearing En Banc was filed electronically through the appellate CM/ECF system with the Clerk of the United States Court of Appeals for the Third Circuit. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Dated: June 6, 2025　　　　　　　　　　　*/s/Edward D. Greim*
　　　　　　　　　　　　　　　　　　　　Edward D. Greim

　　　　　　　　　　　　　　　　　　　　*Counsel for Proposed Amicus*
　　　　　　　　　　　　　　　　　　　　*Restoration News*